Statement of Facts.

we think there was evidence to justify the remark of the court in regard to it.

It is possible the jury may have made a mistake, but we do not find anything to convict the court of error.

Judgment affirmed.

ROARING-CR. W. CO. v. W. G. GIRTON ET AL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF COLUMBIA COUNTY.

Argued April 15, 1891—Decided April 27, 1891.

On a bill to restrain the collection of local taxes upon unproductive mountain lands, owned by a water company incorporated under the act of April 29, 1874, P. L. 73, and held to protect the purity of the water passing therefrom to its reservoir, but unoccupied by any of its improvements, a preliminary injunction should not be awarded

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 12 January Term 1891, Sup. Ct.; court below, No. 2 May Term 1890, C. P. in Equity.

On April 5, 1890, the Roaring-Creek Water Company, incorporated under the act of April 29, 1874, P. L. 73, to supply the borough of Shamokin and vicinity with water, filed a bill in equity against William G. Girton and others, commissioners, and George A. Herring, treasurer, of Columbia county, averring in substance as follows:

That the plaintiff was the owner of the surface of certain described tracts of land lying on both sides of Roaring creek, the dividing line between Columbia and Northumberland counties; that said lands were unproductive mountain lands, and were purchased and held to protect the stream, insure pure water, and to enable the plaintiff company to carry out the purpose of its corporate existence; that the said lands lay on said stream, and on and above the reservoir, and were neces-

sary and indispensable to the proper enjoyment of plaintiff company's rights and franchises; that plaintiff company had paid to the commonwealth a corporation tax upon its capital stock of $180,000, for the years 1888 and 1889; that the defendant commissioners had caused said lands to be assessed for county, road, school, poor, and special poor taxes, for the years 1888 and 1889, to the amount of $160.17, and that the defendant treasurer had caused the said lands to be advertised for sale for said taxes, etc.   Averring that the plaintiff was not liable, etc., the prayer of the bill was for an injunction, special and perpetual.

On presentation of the bill and affidavits, a preliminary injunction was granted and May 6, 1890, fixed for hearing a motion to continue.

On June 6, 1890, the hearing being had, the court, IKELER, P. J., filed the following opinion:

The plaintiff company we find duly incorporated on November 11, 1884, under the general corporation act of 1874, to supply the borough of Shamokin with pure water, from a stream called Roaring creek, upon and along which are located the three tracts of land, viz., Mary Ruston, Jr., 380 acres, lying in Conyngham township; Thomas Ruston, 175 acres lying in Conyngham township, and 100 acres lying in Locust township; and Mary Ruston, 200 acres, lying in Locust township; all in Columbia county; that they "are unproductive mountain lands, affording little or no timber, covered principally with undergrowth; and are useless to said company, except to protect the stream, to enable the plaintiff to carry out the purpose of its corporate existence."

From the draft of record in the case, by the plaintiff, and also the opinion of Judge Rockefeller, of Northumberland county, in a similar case by the same company, relating to the same stream and adjoining lands, it appears that the tract of land in Northumberland county and the ground on which the reservoir is built are already exempt from taxation as real estate, and nothing to the contrary is proved by the affidavits.

It also seems that the plaintiff owns only the surface of the lands in question, and yet they are valued and assessed in the usual way; Judge Rockefeller's opinion recommending other-

wise notwithstanding. But this is not a proceeding to regulate or reform the assessment, but an allegation that the lands are illegally assessed with county, road, school and poor taxes for the years 1888 and 1889, to the amount of $160.17, for which they are not liable under the laws of Pennsylvania.

The power to assess, and jurisdiction in the officers to levy and collect is denied, not that the assessment is too high, or improperly increased; and hence we hold the proceeding regular, and that the principle decided in the case of Hughes v. Kline, 30 Pa. 227, and similar cases urged upon us by counsel for the defendants, not applicable to this case. With the numerous decided cases on this question, we deem it unnecessary to say more than simply to affirm the doctrine, that the lands actually used to carry on the business of the water company and indispensably necessary for its operations are not taxable for local purposes. But to hold, that eight hundred and fifty-five acres of unproductive mountain lands, principally covered with a small growth of timber, or under-brush, not used for improvements, dam or reservoir purposes, consisting of different tracts of land, exempt from such taxation, because they lie along the stream used for supplying water for the company, and slope towards it and drain into it, for fear a nuisance might be erected on said lands and contaminate said stream, is in our opinion carrying the principle far beyond the intention of the decided cases.

Nearly all lands have a drainage, and nearly every stream is surrounded by sloping lands, or hillsides, or mountains; and every water company in the state might with equal propriety, and perhaps with stronger grounds than this one, claim ownership and exemption from local taxation, and from the Delaware to the Ohio such lands would be entitled to the same exemption. The law abates nuisances. We are strongly inclined to adhere to the principle laid down in the decision of Justice PORTER, in West Chester Gas Co. v. Chester Co., 30 Pa. 232, and hold only the portion of land used and indispensably necessary for the carrying on of the works, to be "on the verge" of allowing the exemption, "and we shall go no further." The reasons are briefly, clearly, and forcibly given in that opinion, and on them we base our temporary decision in this case.

Opinion of the Court.

In reference to the opinion of Judge Rockefeller in a similar case by the same company, in reference to the same stream and adjoining lands, we beg leave to say that the two tracts of land, held to be exempt by him, show that the reservoir and dam are constructed on one tract, and that small streams, or tributaries, lead from both tracts into Roaring creek, at, or near, the reservoir; and in exempting the same he gave the corporation the benefit of a doubt, if he had any, a favor which, as we understand the law, should have been the other way.

We therefore hold that all the tracts of land described in the plaintiff's bill, as shown by the affidavits, drafts, etc., are and were liable to taxation as real estate, and therefore dissolve the preliminary injunction; exception.

—Thereupon the plaintiff took this appeal, assigning the decree dissolving the preliminary injunction for error.

*Mr. John G. Freeze,* for the appellant.

Counsel cited: N. Y. etc. R. Co. v. Sabin, 26 Pa. 245; West Chester Gas Co. v. Chester Co., 30 Pa. 232; § 12, act of April 29, 1874, P. L. 79; Commonwealth v. Oil Co., 101 Pa. 145; Fox's App., 112 Pa. 352; Haupt's App., 125 Pa. 211; Ridge Turnpike Co. v. Stoever, 6 W. & S. 378; Lehigh C. & N. Co. v. Northampton Co., 8 W. & S. 334; Schuylkill Nav. Co. v. Berks Co., 11 Pa. 202; Railroad Co. v. Berks Co., 6 Pa. 70; Wayne Co. v. Canal Co., 15 Pa. 351; Northampton Co. v. Coal & Nav. Co., 75 Pa. 461; Coatesville Gas Co. v. Chester Co., 97 Pa. 476.

*Mr. Robert R. Little* (with him *Mr. B. F. Zarr* and *Mr. E. H. Little*), for the appellees.

Other than cases cited by the appellant, counsel cited: Carbon Iron Co. v. Carbon Co., 39 Pa. 251: Lackawanna Iron & Coal Co. v. Luzerne Co., 42 Pa. 424.

PER CURIAM:

The decree is affirmed, and the appeal dismissed at the costs of the appellant.

Decree affirmed.