## National Farm School Commissioners of Bucks County.

*Taxation — Exemptions — Charitable institutions—Non-contiguous land—Act of April 9, 1921, P. L. 119.*

Where a charitable institution has buildings on tracts of ground separated from each other, but which, taken together, constitute one whole plant, the operation of which is devoted to charitable purposes, the different tracts are exempted from taxation by the provisions of the Act of April 9, 1921, P. L. 119.

The Act of April 9, 1921, P. L. 119, does not require that all the grounds upon which all the buildings are erected must be contiguous.

Argued November 17, 1925. Appeal No. 329, October T., 1925, by petitioners, from decree of C. P. Bucks

County, September T., 1925, No. 20, in the case of The National Farm School v. Commissioners of Bucks County. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Appeal from the refusal of County Commissioners to exempt real estate from taxation. Before RYAN, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the appeal as to the tracts which were contiguous, but dismissed the appeal as to non-contiguous tracts. Petitioners appealed.

*Error assigned* was the decree of the court.

*Adolph Eichholz,* and with him *Philip Sterling,* for appellant.—The Act of 1921 does not require the various tracts to be contiguous: Dickinson College v. Cumberland County Commissioners, 12 Pa. County Ct. 582; Philadelphia v. Penna. Hospital, 154 Pa. 9; Pennsylvania Hospital v. Delaware Co., 169 Pa. 305; Philadelphia v. Jewish Hospital Assn., 148 Pa. 454.

*Isaac J. Vanartsdalen,* and with him *Calvin S. Boyer,* for appellee.

OPINION BY GAWTHROP, J., February 26, 1926:

Appellant is a corporation organized to train youth to become scientific and practical agriculturists. It is conceded that it is a purely public charity. Its real estate in Bucks County consists of eight hundred and twenty-nine acres, with houses, barns and other buildings adapted to the purposes of the organization. When appellant acquired the land, it consisted of six farms belonging to different owners. These farms were acquired by appellant at different times and, with the exception of a tract of two hundred and five acres,

known as the Hibbs farm, and a tract of one hundred and thirty-nine acres, known as the Ott farm, are contiguous. The Hibbs and Ott farms are separated from the others by a distance of about five hundred feet. The uncontradicted testimony shows that the entire acreage is under one management and is used for the purposes of the school—"as an agriculture laboratory in which the boys are being taught agriculture." In order effectively to teach practical agriculture to all of the students, all of the land is necessary. The Hibbs and Ott farms are operated by the students. No one lives on them except the students. The houses thereon are used as dormitories for the students. The entire tract is used as part of the school plant. The court below held that, although appellant is a purely public charity and as such entitled to have the main part of its land, aggregating four hundred and eighty-five acres, and constituting one tract, exempted from taxation, the three hundred and thirty-four acres comprising the Hibbs and Ott farms may not be exempted, because they do not fall within the provision of the Act of April 9, 1921, P. L. 119, Sect. 1, which amends the Act of July 17, 1919, P. L. 1021, Sect. 1, exempting from taxation "all......institutions of learning, benevolence, or charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same." The learned judge thought that the Hibbs and Ott farms could not be exempted from taxation, because they were not "grounds annexed" to the institution which he held embraced only the four farms in one tract with the buildings erected thereon. With that conclusion we cannot agree.

The county did not dispute appellant's testimony that all of the lands were an "agriculture laboratory" and as much a part of the institution as the school rooms. There is no basis in the testimony for the finding of fact that the four tracts of land which the

learned judge exempted from taxation are to be considered the institution, and that the other land upon which the same character of work is carried on and the buildings of which are used as dormitories for the students is not part of the institution. The only fair conclusion from the evidence is that the Hibbs and Ott farms were used as a part of the school plant.

Nor can we sustain the legal conclusion of the learned judge that the Hibbs and Ott farms are not entitled to exemption from taxation, because they are not grounds annexed to the institution. The words "with the ground thereto annexed" in the Act of 1921, supra, are not a new phrase in our legislation on the subject of the exemption of certain property from taxation. The same phrase was used in the Act of April 16, 1838, P. L. 525, and in the Act of May 14, 1874, P. L. 158. It should be observed that in both of these acts, as in the Act of 1921, the provision is not that the buildings of certain institutions with the grounds thereto annexed shall be exempted, but the exemption is of the institution with the grounds thereto annexed. There is no provision that all of the grounds upon which all of the buildings are erected must be contiguous. So it was held, under the Act of 1874, that buildings and grounds devoted absolutely to the purposes of a purely public charity, as part of the plant on or by means of which its work is carried on, were exempted from taxation (House of Refuge v. Smith, 140 Pa. 387). To the same effect is Pennsylvania Hospital v. Del. Co., 169 Pa. 305. The rule deducible from these cases is that an institution may have buildings and grounds separated from each other, but, when taken together they constitute one whole plant the operation of which is devoted to the purposes contemplated by the statute, the different tracts are exempted from taxation. For these reasons, we are constrained to hold that there was error in refusing to sustain the

appeal as to the two tracts of land, known as the Hibbs farm and the Ott farm, containing in the aggregate three hundred and forty-four acres.

The decree is reversed and the record is remitted, with direction to enter a decree not inconsistent with this opinion.