Per Curiam,
 

 This appeal raises the question whether a dwelling house purchased by Allegheny College as a residence for its president and occupied by him and his family, rent free, as an agreed part of the president’s official compensation, is exempt from local taxation, when such residence is located off the main college grounds. The evidence in the case established that the residence off the grounds was purchased following, and because of, the conversion of the President’s House, located on the campus grounds, into a dormitory for students.
 

 The court below ruled that it was exempt.
 

 The ruling is sustained by the following decisions of the Supreme Court and this court :
 

 (1) That the college-owned residence of the president is exempt as property necessary for the occupancy and enjoyment of the college, by
 
 County of Northampton v. Lafayette College,
 
 128 Pa. 132, 18 A. 516;
 
 Dickinson College v. Cumberland County,
 
 12 Pa. C. C. R. 582, cited with approval by the present Chief Justice in
 
 Barnes Foundation v. Keely,
 
 314 Pa. 112, 122, 171 A. 267;
 
 White v. Smith,
 
 189 Pa. 222, 232, 42 A. 125.
 

 (2) That the exemption applies even though the building is not annexed or contiguous to the campus or college grounds, by
 
 Barnes Foundation v. Keely,
 
 314 Pa. 112, 171 A. 267;
 
 National Farm School v. Commissioners of Bucks County,
 
 87 Pa. Superior Ct. 231;
 
 Dickinson College v. Cumberland County,
 
 supra, cited on page 122 of
 
 Barnes Foundation v. Keely,
 
 supra.
 

 The judgment is affirmed.