## Pittsburgh, Appellant, *v.* Allegheny County.

Argued January 8, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harry C. Beschel,* Lien Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellant.

*James M. Guffey,* Assistant County Solicitor, with him *John J. O'Connell,* County Solicitor, for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, March 19, 1945:

This is an appeal from an order discharging a rule to strike off tax liens of the County of Allegheny on certain property acquired by the City of Pittsburgh at a tax sale of the property, and from which property the city has since been receiving rentals. The city claims that it is municipally owned and therefore not subject to tax. The court below decided that the question involved was ruled by our decision in *Pittsburgh School District v. Allegheny County,* 347 Pa. 101, 31 A. 2d 707. In that case we held that: "Under the General County Assessment Law of May 22, 1933, P. L. 853, a county may levy a real property tax upon land owned by a school district, not used for any school purpose, and leased for a substantial rental to a private individual for a commercial enterprise, even though the income from the property is used for school purposes." The city bases its argument upon its interpretation of the Act of May 16, 1923, P. L. 207 (53 P. S. Sec. 2021), known as the "Municipal Liens Act," and particularly Section 31 of the Act (53 P. S. 2051) relating to judicial sales based on liens for taxes or municipal claims. The fifth paragraph of Section 31 reads as follows: "Any county, municipality, township, or school district, being a claimant, shall have the right, and is hereby empowered, to bid and become the purchaser of the property at such sale; and while the said property, so purchased, is held and owned by either a county or a municipality, township, or school district, it shall not be subject to tax claims, unless it be redeemed by the former owner or other person having the right to redeem, as provided by law, . . ."

The City of Pittsburgh proceeded to execution on two of its tax liens involving real estate on 5th Avenue

in the first Ward of Pittsburgh, and its first bid was the amount of the costs. No other bids being received the city got the property. The following delinquent tax claims were filed with the sheriff and under the law would follow the property in the hands of a stranger to the proceedings unless sufficient were bid at the sale to cover the claims; City of Pittsburgh $7208.36, School District of Pittsburgh $4594.84, County of Allegheny $2486.89. The total claims amount to $14,290.09. Appellant says in its argument that: "There is no question that the aforesaid claims must be paid in full either from rentals pursuant to Section 29 of the Act of 1923 as amended (53 P. S. Sec. 2049), or upon a resale by the municipality for a sum sufficient to pay all claims; or else compromised under the Act of May 21, 1937, P. L. 787 (72 P. S. Sec. 5878 (a) (b) (c))."

Appellee's contention is that Section 31 of the Act of 1923, supra, has no application to this case, that due to the fact that the properties were not "public property used for public purposes" but were properties from which "income or revenue is derived" during the years involved, the properties were not exempt from taxation by the county but were subject thereto by the General County Assessment Law of 1933, P. L. 853, Sections 201 and 204 (72 P. S. Sec. 5020-201 and 5020-204). Appellee further argues "the relevant provisions of the Act of 1923 and the Act of 1933 are in pari materia as concerns the situation at bar. It is possible to construe them together as one law for appropriate application here, and that under the mandate of the Statutory Construction Act,[1] they must be so construed and applied."

The General Assembly Law of 1933 as amended by the Act of May 3, 1943, P. L. 158, Sec. 1 (See 72 P. S. Sec.

---

[1] The Statutory Construction Act of 1937, P. L. 1019, Sec. 62, (46 P.S. Sec. 562) declared as follows: "Laws or parts of laws are in pari materia when they relate to the same persons or things or to the same class of persons or things. Laws in pari materia shall be construed together, if possible, as one law."

5020-204), exempts from all county, city, borough, town, township, road, poor and school taxes, the following: ". . . (g) All other public property used for public purposes, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same. . . ." Section 602 of the Act of 1933 (72 P. S. Sec. 5020-602) declares that "all other acts and parts of acts inconsistent with this act are repealed."

We hold that the relevant provisions of the Act of 1923 and the Act of 1933 are in pari materia in respect to the situation here present. The conclusion follows that these properties though owned by the City of Pittsburgh were properly subject to taxation by the County of Allegheny. We agree with the court below that "The city or county which holds property for public use is exempt from taxes but when it attempts to act in another manner than in a governmental way it subjects itself to the same tax standards as the individual." We find no such mandate in the Act of 1923, supra, even if it was not in pari materia with the Act of 1933, supra, which stands in the way of this conclusion.

The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52 (46 P. S. Sec. 552) provides that: "In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: (1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable; . . ." To hold that by Section 31 of the Municipal Liens Act, supra, the legislature intended that any municipal or other subdivision of government by acquiring a property at tax sale and "holding" it and "owning" it could enjoy immunity from taxation on that property even though that property was used commercially and rentals were derived from it and it was in direct competition with similar properties owned by individuals, would bring about a result that is absurd and unreasonable. What we said in *Pittsburgh School District v. Allegheny*

*County,* 347 Pa. 101, 107, is applicable here, to-wit: "There are many reasons based on sound public policy why school districts and similar agencies of government should not be encouraged to use public property in competition in the same business with private property, to the discouragement of that individual enterprise which produces the revenues by which all governments are supported. . . . To permit such property to be leased without liability for taxes on it would present to school boards a temptation to rent school district property no longer needed for public purposes and thereby acquire revenues in excess of those which can be raised by legally permissible taxation. Such excess revenues could easily lead to extravagance and waste. This leasing is, of course, preferable to having public property unused for any purpose, but such properties should be sold if not needed for future public use and if they are retained and leased they should bear their proportionate share of the burdens of taxation."

Appellant argues that: "Most tax acquired properties are dilapidated and neglected and with a rental value far below a reasonable relation of income compared to assessment for purposes of taxation, so that the income is below the yearly taxes levied without even considering upkeep, insurance, etc." Appellant also suggests the wisdom, in view of the decision appealed from and now affirmed, of the city's "permitting the [private] owner to collect rentals without paying taxes until the end of time rather than risk acquiring property at a tax sale. . . ." It is obvious that to hold that a municipality must pay taxes on properties it has acquired and is using for commercial purposes leads to some unpleasant consequences for the municipality, but such consequences are the invariable concomitants of all taxation, and the consequences depicted by appellant's solicitor are greatly overweighed by what would be the consequence of a judicial holding that city, school districts and other sub-divisions of government, "being a claim-

ant," can acquire real property at a tax sale and hold it indefinitely for commercial purposes without its being subject to further tax claims while so held. We think that by the time the General Assembly Law of 1933 and the amendment of 1943, supra, were passed the legislature had become aware of the soundness of the principle of exempting public property from taxation *only when* it was "used for public purposes," and that we are carrying out the sovereign will of the Commonwealth and following the direction of the Statutory Construction Act when we "construe together" these later acts and the Act of May 16, 1923, P. L. 207.

The order is affirmed.