## Freeport School District, Appellant, *v.* County of Armstrong et al.

238

Argued November 13, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Harry C. Golden,* for appellant.

*Wade E. Heilman,* County Solicitor, with him *John W. Rohrer,* for appellee.

OPINION BY ARNOLD, J., March 8, 1948:

The fourth class School District of the Borough of Freeport availed itself of the Act of May 17, 1921, P. L. 837 (24 PS §721), and purchased a residence for its supervising principal, who paid a rental of $35.00 per month. On a case stated in equity the court below held that this real estate was subject to taxes levied by the borough and the county (sixth class) of Armstrong.

The Act of 1921 merely conferred the power on fourth class school districts to expend their funds to purchase or build a residence for principals, teachers or janitors, and to charge a rental therefor. It alone conferred no immunity from taxation, and the title gives no intimation that such real estate shall be exempt therefrom. The last sentence reading: "All property acquired under this act shall be held by said school district the same as other school property," must therefore relate to matters of title and conveyancing.

The Fourth to Eighth Class County Assessment Law (72 PS §5453.101 et seq.) provides for exemptions from taxation (72 PS §5453.202). As far as pertinent here these sections read: "(a) The following property shall be exempt from all county, borough, . . . poor, county institution district . . . tax, to wit . . . (4) All schoolhouses belonging to any . . . school district, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same. . . . (7) All other public property used for public purposes with the ground thereto annexed and necessary for the occupancy and enjoyment of the same; . . . (b) [Except as provided in clause (11), subsection (a) relating to free public nonsectarian libraries] . . . all [real] property, . . . *other* than that which is in *actual use and occupation for the purposes specified in this section, and all such property from which any income or revenue is derived, . . . shall be subject to taxation,* except where exempted by law for state purposes, and nothing herein contained shall exempt same therefrom." (Emphasis supplied.)

This real estate, not being a school house or grounds, does not fall within the definition of subsection (a)(4). It is significant that although the Act of 1921 had been in force for more than twenty years, the Fourth to Eighth Class County Assessment Law, enacted in 1943, did not provide an exemption for "school property" generally, nor for all property owned by the district.

The real estate here is not exempt under subsection (a)(7), for it is not held for public purposes. The public cannot use it directly or indirectly. It is to be occupied only by designated employes of the district and other persons are excluded from occupancy by the Act of 1921. That it may be an indirect benefit or convenience to the district is not sufficient to stamp it as being held for a public purpose, for even where the district receives from real estate a large income paid directly into its treasury, the purpose was held to be not public, but commercial: *Pittsburgh School District v. Allegheny County,* 347 Pa. 101, 31 A. 2d 707. In that case, as here, the acquisition of the real estate in question was entirely lawful, having been originally acquired for school buildings. When this use became impractical, the vacant lots were utilized by the school district as a public and commercial parking place in the city of Pittsburgh. The revenues derived from this use were paid directly to the school district treasury, and aggregated over $27,000 per year. This income was devoted solely to a public purpose: general revenue, and was of greater public benefit than the residence for the supervising principal in the instant case.

The test of exemption is neither the lawfulness of the acquisition nor the integrity of the use after the acquisition: *Pittsburgh School District v. Allegheny County,* supra, where all the revenue derived from the commercial use of the real estate went into the general school treasury, and was undoubtedly in furtherance of the public interest, but the land was held not to be exempt.

Under subsection (b), except as to public libraries, it is provided: ". . . all property [including real estate] . . . other than that which is in actual use . . . for the purposes specified in this section [§202], and *all such property from which any income or revenue is derived,* other than from recipients of the bounty of the institution or charity, *shall be subject to taxation,* except where exempted by law for state purposes, and nothing herein contained shall exempt same therefrom." (Emphasis supplied.) The real estate in the instant case is revenue-producing. The *actual use* is not for any of the purposes specified in §202; and the real estate is income-producing and is taxable thereunder.

The Assessment Law clearly shows in subsection (b) that no income-producing property is exempt from taxation merely because it is owned by a municipality. Cf. *County of Franklin v. W. A. McClean,* 93 Pa. Superior Ct. 165, 171; Cooley on Taxation, 4th Ed. §621. A school district is not a sovereign power: *Philadelphia v. Barber,* 160 Pa. 123, 128, 28 A. 644; *Pittsburgh v. Sterrett Subdistrict School,* 204 Pa. 635, 640, 641, 54 A. 463; 61 A. L. R. 183. See also *Kittanning Borough v. Armstrong County et al.,* 347 Pa. 108, 31 A. 2d 710, and Cf. *Commonwealth of Pennsylvania, State Employes' Retirement System v. Dauphin County et al.,* 335 Pa. 177, 180, 6 A. 2d 870. That this residence property was to be used and occupied by a school employe does not make that use a public one. If after acquisition no employe of the school district would rent the property, and it was then rented to a non-employe, it would be assessable and nonexempt, just as the land in the *Pittsburgh School District* case, supra. Certainly the exemption from taxation cannot depend upon what the tenant does *when he is away from the house,* for where it is rented to a non-employe, the use or occupancy of the house (and the revenue therefrom) are the same as where rented to a professional employe. Neither a non-employe nor a professional employe is bound or required to work at

his vocation or profession *within* the house. He *may* work there at either his vocation or his avocation, or he may not work in it at all. The criterion is not what he does when *in* the house. The determining factor is the use to which the real estate is put, where rented to a tenant, and the occupation of the tenant is immaterial. The exemption of the president's house in the case of *Meadville City v. Allegheny College,* 131 Pa. Superior Ct. 343, 200 A. 105, and similar exemptions referred to in the cited cases, are differentiated because under the terms of the Act then in force as to *institutions of learning* (reenacted into the Assessment Law), income-producing property is still exempt if all of the revenue goes to the college. Contra as to municipally-owned, but revenue-producing, real estate: *Pittsburgh School District v. Allegheny County,* supra. In the Fourth to Eighth Class County Assessment Law appears the intention not to exempt municipally-owned real estate except in the express instances mentioned, and not to exempt revenue-producing property.

The appellant also claims exemption under §631 of the School Code of 1911, 24 PS §741, reading: "All school [real] property owned by any school district, . . . that is occupied and used . . . *for public school, recreation, or any other purposes provided for by this act,* shall be, . . . exempt from . . . county, . . . borough, . . . tax . . ." (Emphasis supplied). This residence property is not occupied and owned for a public school, nor for recreation. As to the clause reading, "or any other purposes provided for by this act", it may be pointed out that the title to the School Code is "An Act To establish a public school system in the Commonwealth of Pennsylvania, together with the provisions by which it shall be administered . . . ; providing revenue to establish and maintain the same, and the method of collecting such revenue; and repealing all laws, . . . that are or may be inconsistent therewith." The residence is not a part of the "public school system" in the Commonwealth, for under the Act of 1921 none but a *fourth*

*class* school district may acquire a residence for a professional employe. If such residence constituted a part of a "public school system" it would necessarily be related to districts of all classes, because any reason for giving such right to a Fourth Class School District applies with much greater force to the districts of the first, second and third classes. The question of "classification" is not raised in this appeal but see *Commonwealth ex rel. Brown v. Gumbert et al.,* 256 Pa. 531, 100 A. 990; *Kurtz v. Pittsburgh et al.,* 346 Pa. 362, 368, et seq., 31 A. 2d 257. Nor was the Act of 1921 titled as an amendment to the School Code of 1911.

The section of the School Code authorizing school districts to accept devises, etc., §126 (24 PS §37) reads: "It shall be lawful for any school district . . . to receive and hold any devise . . . [or] donation of any property, real, personal, or mixed, which shall be made to said school district *or for any of the purposes of this act* . . ." (Emphasis supplied.) Thus substantially the same words, "purposes of the act", are used in §126 as in §631. If appellant's contention is correct, then in the Pittsburgh School District parking lot case if the real estate had been *devised* to the school district, it was exempt from taxation. We think "purposes of the act" must be construed as synonymous with public school system.

Although lawfully acquired, this real estate is not used nor to be used for public purposes, nor for the establishing of a public school system in the Commonwealth, nor for administering the same. Its use, on the contrary, is a private one, being at most a convenience to the school district, and at the same time that use is a commercial one, producing revenue. We do not deem it important that actual rent was charged, rather than a scheme of lowering the salary of the principal and giving the property rent-free. Unless specifically exempted by the Legislature, it is subject to taxation.

Decree affirmed at cost of appellant.