# West View Borough Municipal Authority Tax Case.

Argued April 14, 1954.   Before HIRT, ROSS, GUN-
THER, WRIGHT, WOODSIDE and ERVIN, JJ.

· *John G. Brosky,* Assistant County Solicitor, with him *Nathaniel K. Beck,* County Solicitor, for appellant.

*William H. Markus,* with him *Robert C. Riethmuller,* for appellee.

OPINION BY HIRT, J., July 13, 1954:

The Municipal Authority of the Borough of West View was created under the Act of June 28, 1935, P. L. 463, subsequently repealed and superseded by the Municipality Authorities Act of May 2, 1945, P. L. 382, 53 PS §2900z. On November 13, 1942 the Authority acquired all of the assets of Pittsburgh Suburban Water Service Company, a privately owned and operated utility, and since then has supplied water to fifteen municipalities, which include thirteen townships, a part of McKees Rocks, and the 28th ward of the City of Pittsburgh. On a tract of 1.76 acres of land in Bellevue Borough, purchased from the water company, there was a reservoir with a capacity of 1,800,000 gallons. The purpose of the reservoir was to create a reserve for fire protection and to insure continuity of water supply in the event of a breakdown in the pumping station located elsewhere in the Borough. Because of increasing demands for water and the extension of the areas served by the Authority, additional reserves were considered necessary to meet foreseeable future emergencies. Accordingly the Municipal Authority in 1950 purchased lots numbered 274

and 275 in the Van Leer Subdivision of the Borough of Bellevue. These lots have a combined frontage of 60 feet on Woods Avenue; in the rear the lots adjoin the land above referred to, which had been acquired from the former water company. The two lots were purchased for use by the Authority in the development of its expansion program. And shortly thereafter an additional reservoir was erected with a capacity of 2,200,-000 gallons. The standpipe reservoir at its base was 100 feet in diameter and was located for the most part on the 1.76 acre tract but it did encroach on the northwest corner of lot 274. No part of the actual structure extended on to lot 275 but the earth taken from the excavation was distributed around its base for lateral support and the fill extended across the rear of both lots.

There was a two-story frame dwelling house on lot 275 when the Authority acquired it. Since July 1951 the house has been occupied by a tenant who pays rent at the rate of $50 per month to the Authority, under a lease arrangement. The tenant does not perform any service for the Authority. Except as to the fill and a 12 foot passageway around the base of the reservoir, which encroach on the rear of the lots, these properties do not serve the Authority in the operation of its water system in any respect. The dwelling house is 52 feet from the reservoir at its nearest point. The Authority had no use for the building when it bought the land, nor does it now, and it intends to rent the house until such time as the expansion of its facilities requires the removal of the building from the land.

The dwelling house and parts of lots 274 and 275 as curtilage, to the west of the base of the reservoir, were assessed for county purposes for the inter-triennial years 1951 and 1952. The Authority's appeal from the assessment was sustained by the lower court on

the ground that the property is exempt from taxation under the Municipality Authorities Act of 1945. The Board of Property Assessment Appeals and Review of Allegheny County have appealed from the order.

Within the limitations imposed by the Constitution of the Commonwealth in Article IX, Sections 1 and 2, "the General Assembly may, by general laws, exempt from taxation public *property used for public purposes,* actual places of religious worship, places of burial not used or held for private or corporate profit, institutions of purely public charity, and real and personal property owned, occupied, and used by any branch, post, or camp of honorably discharged soldiers, sailors, and marines." (Emphasis added). The Municipal Authority of the Borough of West View is not an agency of the Borough but is a separate municipal corporation "performing essential governmental functions" in effectuating the purposes of its creation. 53 PS §2900z-16, supra. It is not the State but is merely an agency of the sovereign "engaged in the administration of civil government." *Lighton et al. v. Abington Twp. et al.,* 336 Pa. 345, 354, 9 A. 2d 609.

There is authority for the exemption of property from taxation for county purposes in two acts of the legislature. The General County Assessment Law of May 22, 1933, P. L. 853 in section 204(g) as amended, 72 PS §5020-204(g), provides that "All . . . public property used for public purposes" shall be exempt from all county and other taxes, and Section 15 of Municipality Authorities Act of 1945, supra, 53 PS §2900z-16 provides: That "such Authorities shall not be required to pay any taxes or assessments upon any property acquired or used by them" for the authorized purposes for which they are created. The rule of law is invariable that one who claims exemption from taxation must show affirmative legislation in support of

the claim and his case must be clearly within it. *Y.M.C.A. of Germantown v. Phila.,* 323 Pa. 401, 187 A. 204; the language of the statute which relieves from taxation must be strictly construed. *Presbyterian Church v. Phila. Sch. Dist.,* 171 Pa. Superior Ct. 610, 615, 91 A. 2d 372.

In general, prior to the 1945 Act, it was the settled law that the use which exempts land from taxation must be a present use and not one in contemplation for the future. *Mullen v. Commissioners of Erie County,* 85 Pa. 288. Accordingly as applied to a city which acquired land for future use in the operation of a municipally owned water system, it was held in *Easton v. Koch et al.,* 152 Pa. Superior Ct. 327, 31 A. 2d 747 (1943), that since the tract was not in actual use and occupancy for public purposes and was not "necessary, essential, or indispensable" to the operation of the water system, the land was subject to taxation although municipally owned. Cf. *Spring Brook Water Co. v. Kelly,* 17 Pa. Superior Ct. 347; *Roaring-Creek Water Co. v. Girton,* 142 Pa. 92, 21 A. 780.

The 1945 Act did not effect a change in the law as to Authorities by enlarging the classes of properties which are exempt from taxation. The above Act purports to exempt "property acquired or used" by Authorities for the public purposes authorized by the Act. But the constitution in the amendment above quoted, limits the exemption to "public property *used* for public purposes," regardless of the ultimate use for which it was acquired. The dwelling house, with the land assessed with it, was not immediately necessary to the operation of the water supply system. That conclusion is inevitable from the fact that the Authority parted with possession of it when it leased the property to the present tenant purely for revenue. And when the property, though possibly otherwise exempt,

was put to commercial uses, it became taxable because not within a class exempt from taxation within the constitutional limitation. Certainly an Act of Assembly may not extend the limitations of a provision of the constitution. *Pbgh. Sch. Dist. v. Allegheny County,* 347 Pa. 101, 31 A. 2d 707 and *Pittsburgh v. Allegheny County,* 351 Pa. 345, 41 A. 2d 639 are illustrative of the many authorities which uniformly adhere to this principle. Moreover the fact that the rental revenue is trivial in amount as compared with the total earnings of the Authority from water service, does not nullify the principle. If a Municipal Authority can lease one residence property for revenue, and thus keep it off the tax rolls, there is no reason why it might not acquire an entire residential section of a township, against future use, and in the meantime make it the source of similar income, without liability for property taxes. Whether there is a violation of the constitutional mandate that "all taxes shall be uniform, on the same class of subjects" does not depend, within the principle of de minimis, on the amount of money involved.

Order reversed.