## City of Philadelphia v. School District of Philadelphia

*Lester S. Hecht* and *Karl I. Schofield*, for plaintiff.

*Joseph W. Marshall* and *H. A. Siegel, Jr.*, for defendant.

SLOANE, P. J., December 31, 1965. — Municipal claims have been filed against unimproved ground owned by defendant School District of Philadelphia, on Red Lion Road and Calera Road, in northeast Philadelphia, in two sums: (1) $3,367.72 for paving of the cartway of Red Lion Road, and (2) $849.10 for construction of the curb along Red Lion Road.

Neither the existence of the claims nor the fact that the work was done, nor the amount involved, nor the nature of the premises—none of these is disputed.

The parties are entirely opposed on the controlling legal issue: whether or not the school district, qua school district, is immune from liability for these assessments made against it for its vacant, unimproved ground.

Upon nonjury trial and consideration of the evidence and the briefs submitted by able counsel, the trial judge finds:

1. The claim is on a municipal claim and is for express sums.

2. Use-plaintiff has failed to prove, by the applicable standard of proof, his right to recover the stated sums from defendant.

3. Defendant school district is not liable. In the absence of a statute to the contrary, school district property owned and held for public purposes is exempt from assessments for improvement, and no express exemption law is needed. For such property to be assessed, the statute must clearly and unequivocally ex-

press the legislative will that such property shall not be immune.

None of the acts on which plaintiff relies meet this test: the Act of February 2, 1854, P. L. 21, sec. 40, 53 PS §16435, which gives the city the general authority to pass assessment ordinances, does not unequivocally say that school district property shall not be immune.

The Act of May 16, 1923, P. L. 207, 53 PS §7108, classified as a procedural statute by the Supreme Court (Southwest Delaware County Municipal Authority v. Aston Township, 413 Pa. 526) exempts certain properties from municipal claims, and then excepts certain claims from the exemptions.

We shall be as cautious as was the Supreme Court in Southwest Delaware County Municipal Authority v. Aston Township, supra, at page 532, construing the same section of the statute, 53 PS §7108, ". . . when asked to construe an exemption clause in a procedural statute as the vehicle chosen by the legislature to impose a liability upon the agent of the sovereign"; and at page 531, such a statute does not "clearly and unequivocally express the legislative will that such property shall not be immune".

Were this statute sufficient to fasten liability upon the school district, a reading of the Public School Code of March 10, 1949, P. L. 30, sec. 776, 24 PS §7-776, in the light of good public policy, exempts the school district from liability for assessments against the instant unimproved ground.

The Public School Code of March 10, 1949, P. L. 30, art. VII, sec. 776, exempts from assessment property ". . . occupied and used by any school district for public school, recreation, or any other purposes provided for by this act. . . .": 24 PS §7-776. There is no question but that the purchase of the premises was authorized, even commanded in the exercise of sound discretion, by the Public School Code. That the premises are vacant

and unimproved will not deter this court from a finding that the exemption applies. It is undenied that the school district purchased the ground for school purposes. Webster's New International Dictionary defines "occupy", among other things, as to take or enter upon possession of, to hold possession of, to hold or keep for use, and to utilize or require for a purpose. Definition for "used" includes converted to one's service, and employed in accomplishing something. This ground, then, is "occupied and used" in the sense that it was bought for public school purposes.

Case law favors this interpretation. The tests for exemption formulated in Freeport School District v. County of Armstrong, 162 Pa. Superior Ct. 237, construing an identical exemption clause of the School District Code of May 18, 1911, P. L. 309, were the following: Used for (1) public purposes, (2) the establishment of a public school system and (3) administering the same: page 243. A public school system cannot be administered properly and adequately unless provision is made for new schools by the purchase of ground.

The result we reach here conforms to the reasoning in Pittsburg v. Sterrett Subdistrict School, 204 Pa. 635, approved in Southwest Delaware County Municipal Authority v. Aston Township, supra, page 531: " 'An assessment pays for a public, though a local, improvement. . . . If public property purchased by funds raised by taxation is subjected to assessment for a local public improvement, it is the public paying the public, which clearly discloses the absurdity of the proposition' ".

4. Verdict for defendant.

Under the authority of Rule 248 of the Pennsylvania Rules of Civil Procedure: Exceptions as designated in Rule ★270 (d) (Pennsylvania Rules of Civil Procedure) may be filed in this case, but not later than January 17, 1966.