## Borough of Emporium Assessment

*John D. Gresimer*, for appellant.

*Edwin W. Tompkins, Jr.*, for appellee.

GREINER, P. J., February 24, 1967.—This issue for determination is the taxability of that portion of the basement of the Borough of Emporium's Municipal Building which is leased to the Commonwealth of Pennsylvania for the use of the Department of Forests and Waters as an office for Park Region No. 1. No

cases have been cited on this precise point where the contested tax assessed area is used by the Commonwealth. It is, therefore, one of first impression.

There are no facts in dispute, and, in effect, the matter is presented to the court on a case stated. Emporium Borough, the county seat of Cameron County, a county of the seventh class, is the sole owner of its municipal building, consisting of a basement and ground or first floor. The entire first floor is occupied and used by the borough for its governmental functions. A portion of the basement is leased by the borough to the Commonwealth of Pennsylvania for the use of the Department of Forests and Waters as office for Park Region No. 1, at an annual rental of $3,600. There is no question that the Commonwealth uses the leased premises exclusively for its governmental functions. As in the case of the first floor, the borough uses the remainder of the basement exclusively for its governmental functions. The leased premises were initially assessed for local real estate tax purposes by the chief assessor of Cameron County in May 1966. Following a hearing on the borough's timely appeal from such assessment, the Cameron County Board of Assessment and Revision of Taxes on November 18, 1966, advised the borough of a reduction from the initial assessment due to correction in the area involved and modification of the use classification. The borough, alleging that it was not legally assessable for any local real estate taxes on the leased portion of its municipal building, filed an appeal to the court of common pleas.

Article IX, sec. 1, of the Constitution of Pennsylvania provides in part:

". . . the General Assembly may, by general laws, exempt from taxation public property used for public purposes. . . ."

The Fourth to Eighth Class County Assessment

Law of May 21, 1943, P. L. 571, sec. 101, 72 PS §5453.101 et seq., provides for exemptions from taxation ( 72 PS §5453.202), the pertinent sections of which are as follows:

"Section 202. . . . (a) The following property shall be exempt from all county, borough . . . county institution district and school . . . tax, to-wit: . . .

"(7) All other public property used for public purposes with the ground thereto annexed and necessary for the occupancy and enjoyment of the same, . . .

"(b) Except as otherwise provided in clause (11), subsection (a) of this section, all property, real or personal, other than that which is in actual use and occupation for the purposes specified in this section, and all such property from which any income or revenue is derived, . . . shall be subject to taxation, except where exempted by law for state purposes, and nothing herein contained shall exempt same therefrom". (Clause (11) subsection (a) relates to free, public nonsectarian libraries).

Although there is no authority on the specific issue before the court, there is ample law relating to the fundamental legal principles involved. The case of West View Borough Municipal Authority Appeal, 381 Pa. 416 (1955), embodies much of it. Commencing at page 419, Mr. Chief Justice Horace Stern states:

"To qualify, therefore, for tax exemption it must be established that the property is being used for a public purpose and, while a declaration by the legislature as to the existence of a public purpose is entitled to prima facie acceptance as to its correctness, it is not conclusive, it being a judicial question for the ultimate determination of the courts as to whether a proposed use is a public one: Dornan v. Philadelphia Housing Authority, 331 Pa. 209, 222, 200 A. 834, 841; McSorley v. Fitzgerald, 359 Pa. 264, 268, 59 A. 2d 142, 144, 145.

"What, then, is the established law as to the taxability of property or part of property which would admittedly be exempt from taxation if used by the owner for a public purpose but which is leased to other tenants? The controlling test is, not merely whether the property or part of it has been rented out, but whether the use of the part so leased is for a public or a private purpose. It is the use of the property, and not the use of the proceeds from the property, which determines whether tax exemption may constitutionally be granted.

"It is not necessary to cite more than a few of the many cases that have been decided in accordance with the principles thus stated.

"In Pittsburgh School District v. Allegheny County, 347 Pa. 101, 31 A. 2d 707, and in Freeport School District v. County of Armstrong, 162 Pa. Superior Ct. 237, 57 A. 2d 692, it was held that a county might levy a real property tax upon land owned by a school district not used for any school purpose but leased to a private individual for a commercial enterprise, and this even though the income from the property was devoted to school purposes. In Kittanning Borough v. Armstrong County, 347 Pa. 108, 31 A. 2d 710, it was held that buildings owned by a borough which were partly devoted to public uses and partly leased out for commercial uses were taxable as to the portions thus demised. In Pittsburgh v. Allegheny County, 351 Pa. 345, 41 A. 2d 639, it was held that a county might levy a real property tax upon land acquired by a city but rented out for commercial purposes. In Philadelphia v. Barber, 160 Pa. 123, 28 A. 644, it was held that a part of church property which was rented for a school and thereby produced revenue was subject to taxation. In Young Men's Christian Association of Germantown v. Philadelphia, 323 Pa. 401, 187 A. 204, it was held that, where a charitable insti-

tution leased part of its building commercially to lodgers, such part was not exempt from taxation. In Pittsburgh Public Parking Authority v. Board of Property Assessments, Appeals and Review, 377 Pa. 274, 105 A. 2d 165, it was held that a portion of the property of a Public Parking Authority which was leased by the Authority for a commercial use thereby lost its tax exemption. In West View Borough Municipal Authority Tax Case, 175 Pa. Superior Ct. 641, 107 A. 2d 130, it was held that, where a dwelling house on the property of a Municipal Authority was leased to a tenant purely for revenue, the house so leased was not exempt from taxation. But, on the other hand, as contrasted with these decisions, it was held in Commonwealth of Pennsylvania, State Employes' Retirement System v. Dauphin County, 335 Pa. 177, 6 A. 2d 870, and Commonwealth v. Dauphin County, 354 Pa. 556, 47 A. 2d 807, that, where real estate which was admittedly tax exempt was leased to private tenants, that fact did not impair its tax exemption because even though so leased, the use in those cases was for a public purpose".

Many of these legal principles contained in the foregoing opinion and cases cited therein are also cited with approval in Independence Township School District Appeal, 412 Pa. 302 (1963); Kittanning Borough v. Armstrong County, 28 D. & C. 2d 244 (1962); Pennsylvania Turnpike Commission v. Fulton County, 195 Pa. Superior Ct. 517 (1961), and in Moon Township Appeal, 387 Pa. 144 (1956).

In New Castle v. Lawrence County, 353 Pa. 175 (1945), it was held that land owned by a third class city and maintained as a public golf course, not as a business enterprise competing with privately operated golf clubs, is exempt from taxation as public property used for public purposes. Also in Moon Township Appeal, supra, at page 148, it was held in relation

to the various supporting facilities and concessions at the Greater Pittsburgh Airport that "property the use of which is *reasonably necessary* for the efficient operation of the airport, even though not indispensable or essential thereto, is also entitled to exemption. Nor can such property be denied exemption merely because it is rented out by the airport and thereby yields a return which serves to reduce expenses, because, where the primary and principal use to which property is put is public, the mere fact that an income is incidentally derived from it does not affect its character as property devoted to a public use".

Appellant strongly urges that there can be no clearer public use than in the instant case where it is admitted that the Commonwealth of Pennsylvania is occupying the leased premises in the fulfillment of its governmental functions. The question to be answered then is: Does the constitutional limitation relate to public property used for *any* public purpose or is the exemption limited to public property used for the public purposes of the Borough of Emporium? We are compelled to resolve this question in favor of the latter, that is, no portion of the borough Municipal Building is exempt from taxation unless used for legally authorized functions of the borough. In reaching this conclusion, our judgment is somewhat, although not wholly, supported by certain additional legal tenets and prior rulings. The rule of law is invariable that one who claims exemption from taxation must show affirmative legislation in support of the claim and his case must be clearly within it: West View Borough Municipal Authority Tax Case, 175 Pa. Superior Ct. 641, 644; Young Men's Christian Association of Germantown v. Philadelphia, 323 Pa. 401, 187 Atl. 204. The language of the statute which relieves from taxation must be strictly construed: West View Borough Municipal Authority Tax Case,

supra, at p. 645; Board of Christian Education of The Presbyterian Church v. Philadelphia School District, 171 Pa. Superior Ct. 610, 615, 91 A. 2d 372.

In the last cited West View case, supra, the municipal authority had acquired lands for a water system, on a portion of which stood a house leased for $50 a month to an individual not connected with the authority. The court, quoting Easton v. Koch, 152 Pa. Superior Ct. 327, 31 A. 2d 747 (1943), stated: "that since the tract was not in actual use and occupancy for public purposes and was not 'necessary, essential or indispensable' to the operation of the water system, the land was subject to taxation although municipally owned".

Also in Moon Township Appeal, supra, at page 150, the court stated:

"Applying these principles, then, to the present controversy, the question resolves itself into one of fact rather than of law, namely, did the use of such portions of the Airport property as were declared taxable by the court below constitute a reasonably necessary and incidental part of the Airport itself if it was properly to function? That these commercial activities all served the *convenience* of the travelling public is undisputed, but that is not enough to warrant a tax exemption; it must be shown *that they were needed for the efficient operation of the Airport as a public instrumentality and thereby partook of the character of its own public use.* Based on that criterion it would seem clear that the court properly held taxable those areas occupied by concessionaires which could not, by any proper interpretation of 'reasonable necesssity', be held to enjoy a tax exempt status, even though their activities may have been similar to those frequently associated with large airports". (Italics supplied.)

Thus, although the airport commercial activities

were not conducted, owned or operated by the Commonwealth of Pennsylvania, the Supreme Court's reasoning relates the reasonable necessity of the contested facilities to the function of the tax exempt public property.

The occupancy of the leased portion by the Commonwealth of Pennsylvania for the use of the Department of Forests and Waters as office for Park Region No. 1 is in no way reasonably necessary, essential or indispensable to the prescribed governmental functions of the borough.

We, therefore, conclude that the portion of the Emporium Borough Municipal Building leased to the Commonwealth of Pennsylvania is subject to tax assessment by Cameron County.

ORDER

And now, February 24, 1967, the appeal is dismissed and the assessment affirmed.