## Guilford Water Authority v. Adams County Board of Assessment Appeals

*Jay H. Gingrich,* for petitioner.
*Audrey E. Woloshin,* for respondent.

KUHN, *J.,* April 5, 1989—

### FINDINGS OF FACT

(1) Petitioner, Guilford Water Authority, is a municipal authority organized and existing under the Pennsylvania Municipal Authorities Act of 1945, Act of May 2, 1945, P.L. 382 §1, 53 P.S. §301 et seq.

(2) Petitioner operates a municipal water system primarily in Greene and Guilford Townships, Franklin County, Pennsylvania.

(3) As early as 1966, petitioner began exploring the Carbaugh Run watershed area in Franklin Township, Adams County as an alternate water supply.

(4) Franklin Township, Adams County and Greene Township, Franklin County adjoin each other geographically.

(5) On March 10, 1988, petitioner acquired real

estate in the Carbaugh Run watershed in Franklin Township as a future site for a public water supply.

(6) Petitioner's proposed use of the site has changed from a reservoir to a well field site.

(7) On July 20, 1988, petitioner filed an application for real estate tax exemptions with respondent, Adams County Board of Assessment Appeals, for parcel A-9-88.

(8) On September 8, 1988, respondent denied petitioner's application.

(9) On October 5, 1988, respondent denied petitioner's application after further hearing.

(10) As of September 26, 1988, the Department of Environmental Resources had approved two proposed well sites and rejected a third one.

(11) Petitioner must drill the wells, obtain water quality approval, design and install an on-site storage facility, install pumps, and construct and connect a water main to its present system before water from the site will be available for use by petitioner's customers.

## CONCLUSIONS OF LAW

(1) Petitioner's real estate, designated as parcel A-9-88, is not being used for a public purpose.

(2) Petitioner is not entitled to a real estate tax exemption.

## DISCUSSION

Petitioner claims exemption from real estate tax obligation pursuant to section 318 of the Pennsylvania Municipal Authorities Act, 53 P.S. §318, which provides in pertinent part that:

"[S]ince such authorities will be performing essential governmental functions in effectuating such purposes, such authorities shall not be required to

pay any taxes or assessments upon, any property *acquired or used* by them for such purposes . . . " (emphasis supplied)

Petitioner asserts that parcel A-9-88 was acquired for and is being used for the purpose of developing a water source for its customers. However, we find otherwise. All provisions of a statute exempting property from taxation must be strictly construed. 1 Pa.C.S. §1928(b)(5).

Article 8, section 2(a)(iii) of the Pennsylvania Constitution grants to the General Assembly the authority to exempt from taxation "that portion of public property which is actually and regularly used for public purposes." (emphasis supplied)

In *Municipal Authority of Borough of West View,* 175 Pa. Super. 641, 107 A.2d 130 (1954), the court clearly stated that the constitution limits the exemption found in the act to public property used for public purposes regardless of the ultimate purpose for which it was acquired. Thus, the public use must be a present one, not one acquired for future use. Where, as here, the real estate is not in actual use and occupancy for public purpose and is not necessary, essential or indispensable to the operation of the water system the land is subject to taxation although municipally owned. 175 Pa. Super. at 645, 107 A.2d at 133.

We suspect that at some time in the not too distant future, petitioner may be entitled to an exemption, but not at the present time. Accordingly, we enter the attached

## ORDER OF COURT

And now, April 5, 1989, the appeal of Guilford Water Authority from denial of its application for real estate tax exemption is hereby denied.