# Philadelphia, Appellant, *v.* Barber.

*Taxation—Exemption—Churches.*

Under no circumstances is a church entitled to exemption from taxes on its property for more than the portion of the tax year during which it actually holds the title to the property.

Not decided whether a property upon which a tax has been assessed, and which thereafter has been conveyed to a church, becomes exempt for the portion of the year during which the church holds title.

*Exemption from taxes—Churches—Revenue—Act of May* 14, 1874.

Under the act of May 14, 1874, P. L. 158, where church property is rented out and produces income or revenue, it is subject to taxation, although for a part of the time, certain days or hours of the week, the church also uses the rented portion for its own purposes. Sewickley Boro. v. Sholes, 118 Pa. 165, distinguished.

*Division of building for purposes of taxation.*

Where a part of a building is used solely for church purposes and certain rooms in the building are rented for a school, the building may be divided for purposes of taxation and the portion used solely for church purposes be declared exempt from taxation.

*Proviso to act of May* 14, 1874.

Notwithstanding the fact that the proviso in the act of May 14, 1874, P. L. 158, is unconstitutional, it is proper for the court to read it to see if it sheds any light upon the intention of the legislature in using the language contained in the residue of the act.

*Cases considered and discussed.*

As the act of April 8, 1873, P. L. 64, was not brought to the attention of the court in the case of Sewickley Borough v. Sholes, 118 Pa. 165, the case of Erie County v. Com'rs of Water Works, 113 Pa. 368, may still be sustained under the act of 1873, while Erie County v. Erie City, 113 Pa. 360, may require reconsideration, unless, notwithstanding the act of 1873, it may be sustained on the ground that property owned by municipal bodies and used for public purposes is never subject to tax laws unless the legislative intent to include it is clear. Per MR. JUSTICE MITCHELL.

Argued Jan. 6, 1894. Appeal, No. 37, July T., 1893, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1890, No. 60, on verdict for defendant, Frank Barber, owner, and Luther E. Albert et al., trustees, registered owners. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Sci. fa. sur municipal claim for taxes, 1889. Before REED, J.

At the trial it appeared that the defendants Luther E. Albert et al. were trustees of a church known as the " All Saints Evangelical Lutheran Church." On Nov. 28, 1888, the trustees went into possession of a lot of ground with a brick and stone building thereon, under an agreement to purchase the lot and building. On March 1, 1889, a deed was made to them. At the time the agreement was made certain rooms were rented to the city of Philadelphia for school purposes. Counsel for defendant in his paper-book described the building as follows :

" The building is one structure, built of brick and stone ; the front half of the building is two stories high, with cellar, the rear half is of the same height exteriorily as the front half, but is one clear story containing the auditorium, but has no cellar under it. This rear portion is used exclusively by the church for its worship; access to it is by means of a hallway through the front half; the first floor of front half is divided into two rooms used five days in ˙the week by the public school. Over these on the second floor are two rooms ; the front one is used by the school and the church, while the rear one is used exclusively by the church for religious worship. To reach these second-story rooms the same stairway must be used, and the rear one can only be reached by going through the front room used by the school. The entrances and exits to both floors are common to church and school ; the cellar, in which all the heating apparatus for school and church is contained, is located under the front half of the building, access to which is common to both school and church."

Binding instructions for defendant were given.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was instruction, quoting it.

*E. Spencer Miller*, assistant city solicitor, *Chas. F. Warwick*, city solicitor, with him, for appellant.—The question in this case is whether the act of 1874 should be interpreted as exempting all property possessed by owners of a given class or only properties devoted to a given benevolent occupancy. If a private dwelling house rented out for revenue to the tenant who will pay the highest rental, cannot be privileged from sharing a taxation, solely because its owner is a charitable individual or

corporation, the conclusion would seem to follow that a part of the property here in question is taxable. The propriety of severance was approved in Young Men's Christian Association v. Donohugh, 7 W. N. 208.

Borough of Sewickley v. Sholes, 118 Pa. 165, is sometimes cited as an authority for the contention that the proviso to the act of May 14, 1874, P. L. 158, is, in every possible application, void as unconstitutional. Hence it is claimed that a given property chiefly occupied as a church or charitable institution, may be otherwise let out at rental or used in behalf of the corporation for the conduct of any profitable business, without any liability for taxes. It is believed that this is a very unwarrantable extension of the authority cited. This court there held the proviso to be unconstitutional so far as it might operate to impose a tax upon property which, before the passage of the act, was exempt. The constitutionality of that proviso, where it operates to limit the exempting effect of the body of the act, has never been and, it is submitted, cannot reasonably be questioned.

That annual real estate taxation takes effect at the beginning of each year would seem to have been long since well settled in this state: Shaw v. Quinn, 12 S. & R. 299; Hogg v. Longstreth, 97 Pa. 255; King v. Building Association, 106 Pa. 165.

*Frank A. Hartranft,* for appellees.—Defendant's property is exempt: Act of May 14, 1874, P. L. 158; Art. 3, § 3, of the Constitution; Sewickley Borough v. Sholes, 118 Pa. 165.

The proviso of the act of 1874 only being unconstitutional, all of the act preceding the proviso being in harmony with the title, stands and remains the law to-day, and is therefore applicable to this case. Part of an act not within the subject stated in the title may be declared unconstitutional, leaving the rest to stand: Allegheny County Home's Case, 77 Pa. 77; State Line R. R. Co.'s Ap., 77 Pa. 429; Mauch Chunk v. McGee, 81 Pa. 433.

This proviso being the only law which authorized the levying of a tax upon property receiving an income that is otherwise exempt, and being bad, it leaves appellant without any law authorizing it to impose a tax upon this property.

A property owned by a private individual, and by him rented

to a religious society for a place of religious worship, is exempt from taxation by the act of April 16, 1838, P. L. 525 : Howell v. Phila., 8 Phila. 280.

Whatever is gratuitously done or given in relief of the public burdens, or for the advancement of the public good, is a public charity : Academy v. Taylor, 150 Pa. 565.

OPINION BY MR. JUSTICE MITCHELL, March 5, 1894 :

The title of the church did not accrue until March, 1889, for whatever its equitable rights in the building may have been prior to that date, the deed was not made until then, and it does not appear in the evidence that the former owner did not receive, for his own use, the rent paid up to that time by the city for the rooms occupied by the public school. The most therefore that the church could claim in the way of exemption would be for the proportion of the tax due for the last ten months of the year. Whether the tax could be thus apportioned we do not decide. In general, taxes are assessed and payable early in the year for the entire year. In Moore v. Taylor, 147 Pa. 481, no tax had been assessed for the year, because at the time of the general assessment the property was used as a church and therefore exempt, but during the year such use had ceased, and it was held that the exemption immediately ceased, and the property became at once assessable in the hands of the purchaser for the remainder of the year. Whether the rule would work the other way, and exempt the property in the hands of the church from any part of the tax already assessed and due upon it, was not discussed in the argument, and we do not therefore pass upon it. All that we now decide is that in no view of this case could the church be entitled to exemption for more than the portion of the year during which it held the title to the property.

The other question involved is equally clear. The claimant of exemption from taxation must show affirmative legislation in support of his claim, and his case must be clearly within it. The constitution exempts nothing ; it merely permits the legislature to exempt, within the lines laid down for its guidance : Wagner Free Inst. v. Philadelphia, 132 Pa. 612. The claim in the present case is under the act of May 14, 1874, P. L. 158, providing for the exemption, inter alia, of churches and regu-

lar places of stated worship. But the proviso of that act, in express terms, limits the exemption to property " in actual use and occupation for the purposes aforesaid," and provides that all other property, even of churches, etc., from which any income or revenue shall be derived, shall be subject to taxation. If therefore the property is rented out and thus produces income or revenue, it is subject to taxation, and the fact that for a part of the time, certain days or hours in the week, the church also uses the rented portion for its own purposes, does not relieve it, or take the case out of the express language of the act. In " actual use " means in exclusive use, and a mere concurrent or alternate occupation by the church does not come within the requirements for exemption.

It is true that in Sewickley Borough v. Sholes, 118 Pa. 165, the proviso of the act of 1874 was held to be unconstitutional, because it sought to impose taxation on property not before taxable, and such purpose was not indicated in the title of the act, which referred to exemption only. There is no repugnancy between that decision and the present. For the purpose, and to the extent that the proviso of the act of 1874 attempted to make property taxable which was not previously so, it may be conceded to have transgressed the rule of the constitution as to the titles of legislative acts, and therefore to be inoperative. But it still remains for all other purposes, and certainly as a part of the language used to express the legislative intent in regard to the exemptions expressed in the previous part of the act. Churches etc. are exempted, and the extent of such exemption is illustrated and defined in the proviso, as the property which is " in actual use and occupation for the purposes aforesaid," and from which no revenue is derived. Neither the facts nor the reasoning of the court in Sewickley v. Sholes require us to ignore the proviso in interpreting the legislative intent of the whole act. Such use was expressly made of it in General Assembly v. Gratz, 139 Pa. 497, by THAYER, P. J., whose opinion was adopted without qualification or addition by this court. " Notwithstanding the fact," he says, " that we must now regard the proviso in the act of 1874 as unconstitutional, it is lawful, perhaps, to look at it, and to read it, to see if it sheds any light upon the intention of the legislature in using the language contained in the residue of the act." See also Com. v. Potts, 79 Pa. 164.

Before leaving the case of Sewickley v. Sholes it may be

well to call attention to the entire omission in it of any refer-
ence to the act of April 8, 1873, P. L. 64, making all real es-
tate liable to taxation, except certain specified exemptions.
When therefore it is said in that case that "prior to the act of
1874 the rule was that nothing was subject to taxation except
that which was expressly taxed by some law," and that "under
this law (act of 1874) everything is taxable except that which
is exempt," the reference should have been to the act of 1873
instead of the act of 1874, and the case of Erie County v.
Com'rs of Water Works, 113 Pa. 368, which appears to be
practically overruled by Sewickley v. Sholes, may still be sus-
tained under the act of 1873, while County of Erie v. City of
Erie, 113 Pa. 360, may require reconsideration, unless, notwith-
standing the act of 1873, it may be sustained on the ground
that property owned by municipal bodies and used for public
purposes, is never subject to tax laws unless the legislative in-
tent to include it is clear.

The exemption of church property under the act of 1874
being limited, therefore, to that in actual use and occupation,
and the necessary construction being that such use and occu-
pation must be exclusive as well as actual, and not the source
of income or revenue, the exemption in the present case must
be limited to such parts of the building as meet those require-
ments.  If the church lot was large, and the church should
erect a row of stores around its edge and rent them out, there
could be no question that that part of its property would be
taxable though the income should all be applied to the support
of the church.  It would not come within the intent and de-
scription of the statute.  What was done in the present case
amounts to the same thing.  Part of the building is used
solely by the church, and part is rented out for school purposes.
The rooms being all under the same roof makes no difference
in principle.  The parts rented, and producing income are lia-
ble to taxation.  There is in fact no express warrant in the act
for dividing the building for purposes of taxation and exempt-
ing any part of it when other parts produce income.  But such
division was sustained by Judge Allison in Association v. Don-
ohugh, 7 W. N. 208, upon grounds of equity and the broad
intent of the statute, and has been received with general ac-
quiescence.

Judgment reversed and venire de novo awarded.