# Bell Telephone Company of Pennsylvania *v.* Harrisburg, Appellant.

*Taxation—Corporations—Exemption—Real estate—Telephone company.*

1. A lot and building owned by a telephone company and used as a central station is essential to the prosecution of the corporate business of the company, and therefore exempt from local taxation. The fact that the company might rent a building which would answer for a central office is immaterial.

2. Where a telephone company files a bill in equity to restrain the imposition of a local tax on its central station, and the court finds that the company leased to another party a room amounting to one-seventh of the building, and apportions the valuation so as to impose a tax on one-seventh of the building, and the city appeals, the appellate court will sustain the decree.

Argued March 12, 1913. Appeal, No. 6, March T., 1913, by defendants, from decree of Dauphin Co., No. 435, Equity Docket, on bill in equity in case of Bell Telephone Company of Pennsylvania v. City of Harrisburg and Owen N. Copelim, Collector of City Taxes. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity for an injunction.

McCARRELL, J., found the facts to be as follows:

Bills of complaint in the above cases are filed by the plaintiff for the purpose of restraining the collecting of school taxes and city taxes respectively upon the property known as No. 210 Walnut street in the city of Harrisburg, Pa. The lot has a frontage on Walnut street of about twenty-four feet and a depth of about 100 feet, and is owned in fee by the plaintiff. It has erected upon it a three-story building of Pompeian brick. The cellar is used as a terminal and test table room, with the necessary apparatus, stock room, repair department and room for employees for making up their reports when not out on duty. The first or street floor contains three offices. The one fronting on Walnut street is used as a public speaking station. The office immediately in the rear of this is a business office of the company, and the third is leased to the American Telephone & Telegraph Company, and is used by said company exclusively for its own business of long distance telephoning. In the rear of this room is a small vestibule containing two telephone booths, used as a night pay station by the plaintiff. The second floor contains:

1. A room known as kitchen and pantry for operators in preparing their luncheon and eating.

2. A retiring room for the operators of the plaintiff company.

3. A cloak room for operators of plaintiff company.

4. A retiring room for the operators of the American

Telephone and Telegraph Company, containing 180 3/10 square feet of floor space.

5. The school or training room for operators of plaintiff company.

On the third floor the first room contains a switchboard and associated apparatus. The second room contains the switchboard and associated apparatus of the American Telephone & Telegraph Company, covering 426 6/10 square feet of floor space. The floor space of the entire building is 8,657 35/100 square feet, and the floor surface of the room in said building leased to and occupied by the American Telephone & Telegraph Company covers approximately one-seventh of the entire building, for which rent is paid to the plaintiff company.

The plaintiff contends that the entire building known as 210 Walnut street is indispensable and essential for the carrying on of its corporate business, that it has been purchased with the capital of the plaintiff company solely for corporate purposes, and is not liable to taxation either by the school or city authorities of the city of Harrisburg.

The school district and the city, by their respective answers, deny that the said property is indispensably and essentially necessary for the carrying on of plaintiff's corporate business, and aver that the ownership of said building and real estate is not in any sense necessary to the performance of the public functions of the plaintiff company, but has been purchased and is held and used for the mere convenience of the company and for the purpose of enabling it to make larger profits.

The court entered a decree restraining the defendants from imposing or collecting any school or city tax for more than one-seventh of the assessed valuation of plaintiff's premises.

*Error assigned* was the decree of the court.

*D. S. Seitz*, for appellants.—It is well settled that only such property of a quasi public corporation is exempt from

local taxation as is indispensably necessary to its public works and to the performance of its public functions: Western N. Y. & Penna. Ry. Co. v. Venango County, 5 Pa. Superior Ct. 304; Western N. Y. & Penna. Ry. Co. v. Venango County, 183 Pa. 618; East Penna. R. R. Company's case, 1 Walker, 428.

Business offices of a quasi public corporation are not exempt: East Penna. R. R. Co.'s Case, 1 Walker, 428.

If a portion of the property is exempt and the assessment therefore excessive, the remedy was by an appeal or an application to the board of revision of taxes and appeals to reduce the assessment, and not by a bill in equity to restrain the collection of the taxes: Summit Grove Camp Meeting Association v. New Freedom Boro. School District, 12 W. N. C. 103; Sunday School Union v. Phila., 161 Pa. 307; Moore v. Taylor, 147 Pa. 481; Clinton School District's App., 56 Pa. 315; Hughes v. Kline, 30 Pa. 227; Stewart v. Maple, 70 Pa. 221; Van Nort's Appeal, 121 Pa. 118; Everitt's Appeal, 71 Pa. 216; Carlisle School District v. Hepburn, 79 Pa. 159.

*J. R. Geyer*, of *Fox & Geyer*, with him *Candor & Munson*, for appellee.

Opinion by Henderson, J., April 21, 1913:

The plaintiff's bill raises the question whether the lot and building owned by the plaintiff and used as a central station is essential to the prosecution of its corporate business and therefore exempt from local taxation. That it is a quasi public corporation and therefore not liable to taxation for local purposes is not disputed. The appellants' contention is that its building is not indispensable and is therefore taxable. The policy of the commonwealth is well settled that the real estate of such corporations is not taxable as such under the statutes subjecting land to taxation; that part of the property of such corporations is reached for purposes of taxation by including its estimated value in the assessment of its capital stock.

The learned judge of the court below in a careful review of the evidence decided that the real estate in question was essential and necessary to the efficient and proper performance of its public service by the plaintiff, and this conclusion is justified by the evidence. It may be that in a sense the real estate is not essential and necessary to the prosecution of the company's business, but this might be said of most of the real estate of all public service corporations. It is conceivable that it would be possible to lease land for stations and freight houses, for repair shops and other similar purposes. But the necessity is not an absolute one; it is a reasonable necessity taking into consideration the character of the service rendered by the corporation. It is clear that it would be impracticable for the plaintiff to carry on the business which is shown to be under its management and control at Harrisburg without a suitable building specially adapted to its uses, and as its work is of a continuing character and includes underground connections through the city and a very extensive system of wires radiating from the central station it is not a forced construction of the meaning of words to say that such building is essential and necessary to the proper discharge of the duties of the corporation to the public. A house in which to do business is just as necessary as the wires over which communications are made. It will not do to say therefore that if such a corporation could rent a house which would answer its purposes in some degree the holding of real estate for its corporate operation is not necessary. Another position taken by the appellants is that the decree cannot be sustained for the reason that a part of the real estate is not occupied by the defendant but is leased to a tenant and therefore not within the exemption. The assessment was on a lot and building as a single subject of taxation. It was shown that another corporation leased a room amounting to one-seventh of the building, which portion the learned trial judge held liable to be taxed, and for the purpose of arriving at the amount of tax due from the plaintiff the part

occupied by the tenant was held to be one-seventh of the whole.  The appellants contend that there is no authority for an apportionment and that the remedy of the plaintiff was by appeal from an overassessment.  The plaintiff's contention was that the whole building was exempt from taxation and if so the assessors were without authority to impose the tax, in which case a bill in equity is a proper remedy.  Where the power to tax is clear or is made apparent on the face of the bill the remedy of the owner is by appeal and not by a proceeding in equity.  No provision is made in any statute for the apportionment of taxes, but it was decided in Y. M. C. A. v. Donohugh, 7 W. N. C. 208, in a case in Philadelphia, that payment might be made on a division of the property according to value.  Of this decision it was said in Philadelphia v. Barber, 160 Pa. 123, that such a division was sustained in that case upon grounds of equity and the broad intent of the statute and had been received with general acquiescence.  In the case before us this could be done with entire justice to all parties because of the evidence bearing on the proportions of the property occupied by the owner and the tenant, and as neither of them is complaining we see no reason why this should not be considered a distinctly just and equitable apportionment.  It would profit nothing to remit the parties to an appeal under the statute, and on the facts of this case we think full justice is done by the action of the court below.

The decree is affirmed.