Peoples Tele. Corp., Appellant, v. City of Butler and the School District of the City of Butler.

Argued April 23, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALD- RIGE and GRAFF, JJ.

*Zeno F. Henninger,* for appellant.—A building which is owned by a public service corporation will be exempt from local taxation when it is reasonably necessary for the business of the corporation: Bell Telephone Co. of Pa. v. Harrisburg, 53 Pa. Superior Ct. 458.

*Jno. H. Troutman,* of *Jackson & Troutman,* and with him *John H. Wilson,* for appellees.—Real estate of a quasi public corporation is not exempt from local taxation when it is not reasonably necessary to the prosecution of its corporate purposes: Penna. C. & R. Co. v. Vandyke, 137 Pa. 249.

OPINION BY GAWTHROP, J., July 10, 1930:

The question is whether a lot and building owned by plaintiff, a quasi public corporation, was reasonably necessary to the prosecution of its corporate business, and was being used by it in good faith for telephone

purposes and, therefore, exempt from local taxation. The taxes here involved are for the years 1926 and 1927. Prior to January 1, 1926, the company erected a new building and had moved its offices into, and was furnishing all telephonic service from, the same. The manager of the company testified that after that date it was necessary to loop all service west and north of the old building location through the old central office until late in the summer, and that all of the old equipment was left in place at the time of the "cut-over," October 3, 1925, and that this equipment was dismantled from time to time until May, 1927, when the property was sold. The witness admitted on cross-examination that the old property was placed in the hands of a real estate agent for sale in January, 1926, and that the company and the agent were advertising it for sale with possession to be given the purchaser in sixty days after it was sold, and that it would have been possible to remove all of the company's property and give possession within that time. The local assessor testified that his attention was drawn to the property by seeing upon it notices that it was for sale; that he found it was not occupied and interviewed the manager of the company, who told him that they were not occupying the building; that they "had supplies in the building yet, but he made the remark to me that they were moving them and not hurrying; that he had the men move these supplies when they had nothing else to do on the line."

This evidence fully sustains the finding of the learned court below that the occupancy of the property by the company after January 1, 1926, was a mere convenience rather than necessity, and that "when the corporation, on or about that date, offered said property for sale with an agreement to give possession in sixty days, it would appear that in the corporation's own estimate the continued use and possession of the property was not essential to its business." It would

have fully justified a finding that the use for any considerable time after that date was not made in good faith, but as a subterfuge to evade local taxation.

The legal conclusion that appellant is not entitled to be exempt from local taxation for the years 1926 and 1927 is fully sustained by familiar decisions announcing the well settled policy in this Commonwealth that real estate of such a corporation is not exempt from local taxation when it is not reasonably necessary to the prosecution of its corporate business: See Pittsburgh A. & M. Rwy. Co. v. Stowe Twp., 252 Pa. 149; Bell Telephone Co. of Pa. v. Harrisburg, 53 Pa. Superior Ct. 458.

This decision shall not be a precedent for the use of the declaratory judgment act.

The judgment is affirmed.