West View Borough Municipal Authority Appeal.

Argued March 23, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*William H. Markus*, with him *R. C. Riethmuller*, for appellant.

*Philip Baskin*, Assistant County Solicitor, with him *Nathaniel K. Beck*, County Solicitor, and *John G. Brosky*, Assistant County Solicitor, for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, April 18, 1955:

The question concerns the extent of the exemption from taxation of its real estate to which the appellant Municipal Authority is entitled.

The Municipal Authority of the Borough of West View in Allegheny County was incorporated under the

former Municipal Authorities Act of June 28, 1935, P. L. 463, and now operates under its successor Act of May 2, 1945, P. L. 382. It was organized under an Ordinance of the Borough of West View of October 6, 1942. It acquired the property and assets of the Pittsburgh Suburban Water Service Company and is now serving water to about 90,000 customers in 15 municipalities. On August 5, 1949, the Borough passed an Ordinance providing, as an additional project of the Authority, for the acquisition, improvement, operation and leasing, either as lessor or lessee, of a building on certain specified lots in the Borough, "to be devoted wholly, or partially, for public use and for revenue producing purposes." Such a building was accordingly constructed, consisting in part of one story and in part of two stories. 6,090 square feet of its area on the first floor is used by the Authority for its water project; 1,500 square feet are leased to a commercial tenant (Stag Shop); 6,120 square feet are leased to another commercial tenant (Star Market); 3,600 square feet are leased to the Borough and sublet by it,—2,100 square feet to a commercial tenant (Gary Auto Stores), and 1,500 square feet to Peoples First National Bank and Trust Company. The entire second floor, consisting of 6,230 square feet, is leased to the Borough, which rents it out occasionally for private dances, receptions and the like, also to various fraternal and other organizations, and sometimes to groups such as the Firemen, the Police, and the Chamber of Commerce,—these last rent free. The Borough itself does not use any part of the floor nor has it any office in the building.

The Board of Property Assessment, Appeals and Review placed an assessment valuation on the entire property of $147,000. The Authority took two appeals to the Court of Common Pleas, one involving the triennial assessment for the years 1950, 1951 and 1952, and the

other the triennial assessment for the years 1953, 1954 and 1955. It did not question the amount of the valuation but it claimed that the property should have been exempted from taxation. The court held that the part of the land and building actually used by the Authority, as well as the part used by the Borough for off-street parking, were exempt, but that all parts not so used, but rented to others, were taxable. Accordingly it granted exemption for one-quarter of the valuation placed on the buildings and three-quarters of the valuation placed on the land, thereby reducing the amount of the assessment to $99,000 for each of the triennial years in question except the year 1950 the assessment for which was completely cancelled because at that time no building had been erected on the land. The Authority has taken the present appeals from the court's orders and raises the question whether the portions of the property leased out by the Authority should not have been held to be tax exempt the same as all the rest of the building, and, in any event, whether the second floor portion leased to the Borough should not have been exempted.

The Municipal Authorities Act of 1945 contains a provision (section 15), as did also the 1935 Act (section 15), that, since the Authorities will perform essential governmental functions in effectuating their authorized purposes, they should not be required to pay any taxes or assessments upon any property acquired or used by them for such purposes. There must, however, always be kept in mind the provisions of Article IX, section 1; of the Constitution that "The General Assembly may . . . exempt from taxation public property *used for public purposes, . . .*" and section 2, that "All laws exempting property from taxation, other than the property above enumerated shall be void." To qualify, therefore, for tax exemption it must be estab-

lished that the property is being used for a public purpose and, while a declaration by the legislature as to the existence of a public purpose is entitled to prima facie acceptance as to its correctness, it is not conclusive, it being a judicial question for the ultimate determination of the courts as to whether a proposed use is a public one: *Dornan v. Philadelphia Housing Authority*, 331 Pa. 209, 222, 200 A. 834, 841; *McSorley v. Fitzgerald*, 359 Pa. 264, 268, 59 A. 2d 142, 144, 145.

What, then, is the established law as to the taxability of property or part of property which would admittedly be exempt from taxation if used by the owner for a public purpose but which is leased to other tenants? The controlling test is, not merely whether the property or part of it has been rented out, but whether the use of the part so leased is for a public or a private purpose. It is the use of the property, and not the use of the proceeds from the property, which determines whether tax exemption may constitutionally be granted.

It is not necessary to cite more than a few of the many cases that have been decided in accordance with the principles thus stated.

In *Pittsburgh School District v. Allegheny County*, 347 Pa. 101, 31 A. 2d 707, and in *Freeport School District v. County of Armstrong*, 162 Pa. Superior Ct. 237, 57 A. 2d 692, it was held that a county might levy a real property tax upon land owned by a school district not used for any school purpose but leased to a private individual for a commercial enterprise, and this even though the income from the property was devoted to school purposes. In *Kittanning Borough v. Armstrong County*, 347 Pa. 108, 31 A. 2d 710, it was held that buildings owned by a borough which were partly devoted to public uses and partly leased out for commercial uses were taxable as to the portions thus demised. In *Pitts-*

*burgh v. Allegheny County,* 351 Pa. 345, 41 A. 2d 639, it was held that a county might levy a real property tax upon land acquired by a city but rented out for commercial purposes. In *Philadelphia v. Barber,* 160 Pa. 123, 28 A. 644, it was held that a part of church property which was rented for a school and thereby produced revenue was subject to taxation. In *Young Men's Christian Association of Germantown v. Philadelphia,* 323 Pa. 401, 187 A. 204, it was held that, where a charitable institution leased part of its building commercially to lodgers, such part was not exempt from taxation. In *Pittsburgh Public Parking Authority v. Board of Property Assessments, Appeals and Review,* 377 Pa. 274, 105 A. 2d 165, it was held that a portion of the property of a Public Parking Authority which was leased by the Authority for a commercial use thereby lost its tax exemption. In *West View Borough Municipal Authority Tax Case,* 175 Pa. Superior Ct. 641, 107 A. 2d 130, it was held that, where a dwelling house on the property of a Municipal Authority was leased to a tenant purely for revenue, the house so leased was not exempt from taxation. But, on the other hand, as contrasted with these decisions, it was held in *Commonwealth of Pennsylvania, State Employes' Retirement System v. Dauphin County,* 335 Pa. 177, 6 A. 2d 870, and *Commonwealth v. Dauphin County,* 354 Pa. 556, 47 A. 2d 807, that, where real estate which was admittedly tax exempt was leased to private tenants, that fact did not impair its tax exemption because even though so leased, the use in those cases was for a public purpose.

In the present case there is no question but that the portions of the Authority's building leased to commercial tenants, Stag Shop and Star Market, and the portion leased to the Borough and sublet by them to commercial tenants, Gary Auto Stores, and Peoples First

National Bank and Trust Company, are *not* being used for a public purpose, and therefore, in conformity with all the decisions above referred to, such portions of the Authority's building are not exempt from taxation by the County, and the court below properly so held.

This brings us to the question of the taxability of the second floor of the Authority's building leased to the Borough and by it rented out on occasions for private affairs and to various organizations. It is argued by the Authority that since, under The General Borough Act of May 4, 1927, P. L. 519, §2701, as amended by The Borough Code of July 10, 1947, P. L. 1621, §82, boroughs are authorized to provide and maintain indoor recreation centers, and since the Borough of West View was using the second floor for such purpose, the court should have held it to be tax exempt. We are of opinion, however, that the present use of this floor is not as a "recreation center" within the contemplation of the statute. That term is used in the statute in conjunction with public parks, parkways, playgrounds, playfields, swimming pools, public baths, bathing places and gymnasiums, all referred to therein as "recreation places," and we do not think that the renting out of the floor by the Borough for private social affairs and for meetings of various organizations falls within the category of such uses. Whatever plans the borough may have for the use of the floor in the future it is the present and not an indefinite, prospective use which controls: *Pittsburgh School District v. Allegheny County,* 347 Pa. 101, 105, 31 A. 2d 707, 709; *Easton v. Koch,* 152 Pa. Superior Ct. 327, 333, 31 A. 2d 747, 750; *West View Borough Municipal Authority Tax Case,* 175 Pa. Superior Ct. 641, 645, 107 A. 2d 130, 132, 133. The court therefore properly held that this portion of the building was subject to taxation.

That the court could distinguish between the taxable and the tax exempt portions of the property is beyond question, because, where public property is devoted partly to public and partly to commercial uses, it may be divided for the purpose of taxing the part of it engaged in business use and exempting the part devoted to public use: *Philadelphia v. Barber,* 160 Pa. 123, 28 A. 644; *Dougherty, Trustee v. Philadelphia,* 314 Pa. 298, 305, 171 A. 583, 586; *Kittanning Borough v. Armstrong County,* 347 Pa. 108, 31 A. 2d 710.

Orders affirmed at costs of appellant.