## Kittanning Borough v. Armstrong County

*B. Albert Bertocchi,* for plaintiff.
*Floy C. Jones, Jr.,* for defendant.

GRAFF, P. J., May 4, 1962.—The Borough of Kittanning acquired four lots of land situate in the borough, razed the buildings, and constructed thereon parking lots, upon which were erected 150 parking meters. The lots are used by the public generally at a price of five cents for two hours for such parking use. The County Board of Assessment assessed all of said lots for taxation purposes. This matter now comes before us upon an appeal from this assessment. The case is submitted to the court upon a case stated.

The material parts of the case stated are as follows:

Two lots of land were acquired by the borough in the vicinity of the Armstrong County Memorial Hospital, both of which are situated on South McKean Street. Two lots of land were also acquired by the borough almost adjacent to Market Street, which is the principal street of the borough. One of these lots is situate on South McKean Street, and the other upon North Jefferson Street. The price paid for the first two lots of land was $11,000 for one, and $10,000 for the other. The two lots of land near Market Street were purchased for the sums of $55,000 and $60,000 respectively. These lots were cleared and paved for parking purposes. The cost of dual meters was $126.50, and for a single meter, $59.50. In all, 150 meters were placed upon the lots. The borough maintains upon the four lots 13 electric lights at a cost of $80 per year per light. In addition, it is necessary for the borough to expend money for sweeping and snow removal, policing, and the salary of a parking meter repairman. The total assessed valuation of the four parcels of land is in the aggregate sum of $25,950. The Borough of Kittanning maintains a total of 648 parking meters upon its main streets, in which amount is included the 150 meters upon the four parking lots. The annual income from all of the parking meters in the year 1960 was $68,176.55, and in the year 1961 was $67,979.57. There has been

no segregation of the amount actually received from the parking meters upon the parking lots. This revenue is deposited in the general borough fund and is used for general borough purposes.

The thirteenth paragraph of the case stated is as follows:

"That the said off-street parking lots are used solely by the general public for parking vehicles of persons who are shopping and transacting business in the Borough and for visitors and employees of the Armstrong County Memorial Hospital for whose benefit, primarily, two (2) of the said lots were acquired, all of which alleviates vehicular congestion on the Borough Streets and aids in the flow of traffic."

There are private parking lots available to the public throughout the borough, most of which consist of garages. Two chain stores and Armstrong County also maintain free public parking lots.

Article 9, sec. 1, of the Constitution of Pennsylvania provides in part: "The General Assembly may, by general laws, exempt from taxation public property used for public purposes . . ." The General County Assessment Law, being the Act of May 22, 1933, P. L. 853, art. II, sec. 204, as amended, provides as follows:

"The following property shall be exempt from all county, city, borough, town, township, road, poor and school tax, to-wit:

"(g) All other public property, used for public purposes, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same . . ."

Kittanning Borough acquired the parking lots in question under the authority of the Borough Code of May 4, 1927, P. L. 519, art. XII, sec. 1202, cl. XLIII; July 10, 1947, P. L. 1621, sec. 40, as follows:

"To acquire by lease, purchase or eminent domain any land which the corporate authorities may deem necessary or desirable for the purpose of establishing

and maintaining parking lots, and to regulate the use thereof, and to regulate parking and provide parking accommodations so as to promote the convenience and protection of the public."

The same section of the code, as amended, July 19, 1951, P. L. 1026, sec. 3, provides as follows:

"In the operation of its utilities, parking meters, parking lots, and other facilities and services, to make and regulate charges therefor for general borough purposes in relief of taxes on real estate."

The Borough of Kittanning has acquired the four parking lots, using the same for public parking under complete legal authority. The lots therefore are public property, and the question for our determination is whether such lots are being used for "public purposes". Many opinions of the appellate courts have been rendered in the construction of the words "public property used for public purposes". In Moon Township Appeal, 387 Pa. 144, which involved property owned by the Greater Pittsburgh Airport, it is held that where the primary and principal use to which property is put is public, the mere fact that an income is incidentally derived from it does not affect its character as property devoted to a public use. Property owned by a body ordinarily tax-exempt is taxable if used by it for commercial purposes, or rented to a lessee for a purely business enterprise and not a public use; this is true even though the rentals or other proceeds from the property are devoted to the tax-exempt activities of the lessor. The controlling test is, not merely whether the property or part of it has been rented out, but whether the use of the part so leased is for a public or private purpose; it is the use of the property, and not the use of the proceeds from the property, which determines whether tax exemption may constitutionally be granted. See also West View Borough Municipal Authority Appeal, 381 Pa. 416. In New Castle v.

Lawrence County, 353 Pa. 175, it was held that a public park maintained by a municipality does not lose its exemption from taxation by reason of the fact that park visitors were required to pay reasonable charges for refreshment or special entertainment. This case further holds that a public golf course is exempt from taxation as public property used for public purposes. In Commonwealth State Employes' Retirement System v. Dauphin County, 335 Pa. 177, it is held that generally the question whether public property is being used for a public or private purpose is resolved by determining whether the particular property is held for governmental or proprietary reasons. If the borough is operating the parking lots as a business enterprise in competition with privately owned parking lots, and that is the primary purpose, unquestionably, the lots are taxable. However, such is not the present case. In the case stated, it is agreed that the use made of these lots is to alleviate vehicular congestion on the borough streets and aid in the flow of traffic. This purpose is one which promotes public safety, convenience and welfare. In view of the number of meters upon the parking lots in proportion to the entire number of parking meters maintained by the borough, and the charge made for the privilege of parking, it can hardly be called a business enterprise in competition with private ownership.

We can come to no other conclusion but that the parking lots are not assessable for taxation purposes, and therefore the appeal must be sustained.

### Order

And now, May 4, 1962, the appeal is sustained, and it is ordered and directed that the assessment of taxes upon the off-street parking lots in Kittanning Borough be removed from the county assessment roll.

Eo die exception granted and bill sealed.