570 A.2d 102

**GUILFORD WATER AUTHORITY, Appellant,**

**v.**

**ADAMS COUNTY BOARD OF ASSESSMENT APPEALS, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Nov. 17, 1989.

Decided Jan. 2, 1990.

Reargument Denied March 12, 1990.

Jay H. Gingrich, Wertime, Guyer & Gingrich, Greencastle, for appellant.

John R. White, Adams County Sol., for appellee.

Before CRAIG and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Appellant, Guilford Water Authority, appeals the order of the Court of Common Pleas of Adams County which affirmed the decision rendered by Appellee, Adams County Board of Assessment Appeals (Board), denying Appellant's application for real estate tax exemption pursuant to Section 15 of the Municipality Authorities Act of 1945 (Act), Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. § 318.[1] Issues presented for review are whether real estate that is owned by a municipal authority, but not presently used for

---

1. Section 15 of the Act provides in pertinent part that:
   The effectuation of the authorized purposes of Authorities created under this act shall and will be in all respects for the benefit of the people of the Commonwealth of Pennsylvania, for the increase of their commerce and prosperity, and for the improvement of their health and living conditions, and since such Authorities will be performing essential governmental functions in effectuating such purposes, such Authorities shall not be required to pay any taxes or assessments upon any property *acquired or used* by them for such purposes.... (Emphasis added.)

public purposes, is entitled to exemption from local real estate taxation; and alternatively, whether this real estate is entitled to exemption from local real estate taxation pursuant to the Public Utility Realty Tax Act, Act of March 4, 1971, P.L. 6, added by Section 3 of the Act of July 4, 1979, P.L. 60, *as amended*, 72 P.S. §§ 8101–A—8108–A.

On appeal from the Board's denial, the trial court, after hearing, made the following uncontroverted findings of fact:

1.  Petitioner, Guilford Water Authority, is a municipal authority organized and existing under the Pennsylvania Municipal Authorities Act of 1945, Act of May 2, 1945, P.L. 382, Section 1, 53 P.S. 301 et seq.

5.  On March 10, 1988, Petitioner acquired real estate ... as a future site for a public water supply.

10.  As of September 26, 1988, the Department of Environmental Resources had approved two proposed well sites and rejected a third one.

11.  Petitioner must drill the wells, obtain water quality approval, design and install an on-site storage facility, install pumps, and construct and connect a water main to its present system before water from the site will be available for use by Petitioner's customers.

Findings of Fact Nos. 1, 5, 10–11. Based thereon, the trial court concluded that Appellant's real estate was not presently being used for a public purpose; and accordingly, that Appellant was not presently entitled to a real estate tax exemption.

■ Statutory provisions that exempt property from taxation must be strictly construed. Section 1928(b)(5) of the Statutory Construction Act of 1972 (SCA), 1 Pa.C.S. § 1928(b)(5). The General Assembly, by virtue of the PA. CONST. art. VIII, § 2(a)(iii), is authorized to exempt from taxation only those portions of public property *actually and regularly* used for public purposes. However, Section 15 of the Act, 53 P.S. § 318, exempts from taxation any property *acquired or used* by municipal authorities for public purposes. Where there is a conflict between consti-

tutional and statutory provisions, constitutional provisions control. *See Amidon v. Kane,* 444 Pa. 38, 279 A.2d 53 (1971) and *Pittsburgh Railways Co. v. Port of Allegheny County Authority,* 415 Pa. 177, 202 A.2d 816 (1964) (The Constitution is the supreme law of the land and legislative acts are subordinate). In accordance with this principle, we find that the narrower constitutional standard for tax exemption must prevail over the broader statutory standard set forth in Section 15 of the Act and that the legislature, as we see it, acted beyond the authority entrusted to it under the constitution of this Commonwealth.

In the case *sub judice,* Appellant is not yet actually and regularly using the property involved here for public purposes. Moreover, the Department of Environmental Resources is still reviewing the suitability of Appellant's property; and thus, there is no certainty that this property will ultimately be used for public purposes. In *West View Borough Municipal Authority Appeal,* 381 Pa. 416, 113 A.2d 307 (1955), cited by both parties, the Supreme Court noted that it is the present, and not an indefinite prospective use as here, which controls whether the use is a public use exempt from taxation. We therefore conclude, as did the trial court, that Appellant is not entitled to tax exemption under the Act.[2]

Appellant alternatively asserts that the Public Utility Realty Tax Act (PURTA) affords it a secondary basis for tax exemption. The Board, however, maintains that Appellant is not a "public utility" within the meaning of PURTA.

Section 3 of PURTA, 72 P.S. § 8101–A(2), defines "public utility" as:

Any person, partnership, association, corporation or other entity furnishing public utility service under the jurisdiction of the Pennsylvania Public Utility Commission or the corresponding regulatory agency of any other state or of the United States; and any electric cooperative

2. The burden of proving entitlement to tax exemption is upon the party claiming tax exempt status. *See Pittsburgh Institute of Aeronautics Tax Exemption Case,* 435 Pa. 618, 258 A.2d 850 (1969).

corporation, municipality or municipality authority furnishing public utility service, *but shall not mean any* public utility furnishing public utility sewage services, or municipality or *municipality authority furnishing public utility services.* (Emphasis added.)

We interpret this language to exclude Appellant, a municipal authority furnishing public utility services, from the purview of PURTA.

For the reasons recited herein, we affirm the trial court's decision.[3]

## ORDER

AND NOW, this 2nd day of January, 1990, the order of the Court of Common Pleas of Adams County is affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent. The record supports the referee's finding that, as of September 26, 1988, the Department of Environmental Resources had approved two proposed well sites and rejected a third. Because Guilford Water Authority (Authority) is actively seeking the permits necessary to use the property for public purposes, I would find that the property is currently being used for such purposes. The Pennsylvania Department of Environmental Resources regulates the Authority and the property cannot be actively used for public purposes absent their approval. Upon acquiring the property herein, the Authority took almost immediate action to obtain the necessary approval.

In *West View Borough Municipal Authority Appeal,* 381 Pa. 416, 113 A.2d 307 (1955), certain portions of the Authority's building were leased directly to commercial tenants and other portions leased to the borough were subleased to commercial tenants. Those portions not used for public purposes were determined to be subject to taxation. The present situation is distinguishable. No portion

---

**3.** We note in passing, as did the trial court, that Appellant may be entitled to tax exemption under the Act at a future date.

of the subject property is leased or sublet for any non-public purpose. Under these circumstances, taxation of the property is neither intended, desired nor compelled by Article VIII, Section 2(a)(iii) of the Pennsylvania Constitution.

I disagree that Section 318 of the Municipal Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. § 318, creates a constitutional conflict. Section 318 is a practical legislative acknowledgement that authorities which obtain real estate for undisputedly public purposes should not be required to pay any taxes or assessments upon such property while they are in the process of obtaining necessary approvals, such as required permits. Essentially, I would hold that this property is actually being used for a public purpose and should be exempt from taxation under the terms of Article VIII, Section 2(a)(iii) of the Pennsylvania Constitution.