### SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY,

v.

### BOARD OF REVISION OF TAXES, City of Philadelphia and School District of Philadelphia, Appellants.

Commonwealth Court of Pennsylvania.

Argued March 7, 2001.
Decided May 31, 2001.
Reargument En Banc Denied
Aug. 9, 2001.

---

**14.** Because of the disposition of this case, we need not address Petitioners' retaliation argu-        ment.

Lewis Rosman, Philadelphia, for appellants.

Michael Sklaroff, Philadelphia, for appellee.

Before McGINLEY, J., and FLAHERTY and LEDERER, Senior Judges.

McGINLEY, Judge.

The Board of Revision of Taxes of the City of Philadelphia and the School District of Philadelphia (collectively, the City) appeal the order of the Court of Common Pleas of Philadelphia County (trial court) that reversed the Board of Revision of Taxes of the City of Philadelphia's (Board) decision and determined that the Southeastern Pennsylvania Transportation Authority (SEPTA) was not liable for real estate taxes on the portions of property it owns at 1234 Market Street in the City of Philadelphia (the Property) that it leases to commercial tenants.

SEPTA purchased the Property on September 24, 1993, for use as its administrative headquarters. The Property consists of a twenty story office building which includes a penthouse, basement, sub-basement, loading dock, and an underground parking garage. The Property contains approximately 664,664 leaseable square feet. SEPTA currently occupies 446,035 square feet of space within the Property. The Board determined that the fair market value of the Property for the years 1994 through 1999 was $25,500,000.00. Since 1994, SEPTA has leased portions of the Property to various tenants including government, nonprofit, and private commercial entities.

On November 1, 1993, SEPTA applied for an exemption from real estate taxes with the Board and sought to have the Property declared immune and exempt from taxation for the years 1994 and thereafter. On December 22, 1998, the Board granted a partial real estate tax exemption for the portions of the Property used by SEPTA and other government and nonprofit entities and exempted eighty-five percent of the Property's assessed value for 1994 and thereafter. The Board set the taxable assessed value of the Property at $1,224,000.00 and the exempt assessed value of the Property at $6,936,000.00.

On January 21, 1999, SEPTA appealed the Board's decision on the basis that it was immune from taxation. The parties

agreed that the following portions of the Property were not subject to taxation: any portions of the Property occupied by SEPTA, any portions of the Property occupied by government entities, any portions of the Property occupied by a nonprofit entity, any vacant space, any common areas, and the parking garage.

The trial court heard SEPTA's appeal on December 6, 1999. Gerald Maier (Maier), director of real estate for SEPTA, testified that he prepared a report in 1992 which indicated that SEPTA would save $1,200,000.00 if it consolidated its operations in one location. Notes of Testimony, December 6, 1999, (N.T.) at 11; Reproduced Record (R.R.) at 27a. Maier also testified that the City of Philadelphia and the Urban Redevelopment Authority of the City of Philadelphia paid less than market value for their space in the Property. N.T. at 26–27; R.R. at 42a–43a. On cross-examination, Maier stated that commercial tenants' leases provide for an increase if SEPTA is forced to pay real estate tax. N.T. at 32; R.R. at 48a.

Joseph M. Casey (Casey), director of the operating budget and operational analysis for SEPTA, testified that SEPTA was required by statute to explore all means of increasing revenues including rental income. N.T. at 43; R.R. at 59a. Casey also testified that SEPTA received approximately $1,200,000.00 from the rental of the Property to commercial tenants. SEPTA used the revenue for operations and noted that the operating subsidy received from the Commonwealth did not increase from 1996 through 1999. N.T. at 48; R.R. at 64a.[1]

On July 13, 2000, the trial court granted SEPTA's appeal and reversed the Board. The trial court determined that SEPTA was immune from tax because there was no statutory authority for the City to tax SEPTA property. The trial court also determined that SEPTA had a duty to raise revenues and the lease of excess space at the Property fulfilled that duty, and because SEPTA's actions were within its purpose and powers, the trial court determined SEPTA was immune from taxation on all parts of the Property.

The trial court also determined that SEPTA was exempt from taxation:

> Here, SEPTA acquired the Property pursuant to its enabling legislation, which states, *inter alia,* that SEPTA is exempt from 'any property taxes or assessments of any kind or nature whatsoever, now in existence or to be enacted in the future, whether imposed by the Commonwealth or by any political subdivision thereof, or by any other taxing authority....' .... Clearly this statute exempts SEPTA from any taxation on the Property.
>
> In 1994, SEPTA's former enabling legislation was repealed, and a new statute was enacted in its place. The current enabling statute states that, 'since an authority will, as a public instrumentality of the Commonwealth, be performing essential governmental functions in effectuating such purposes, *such an authority shall not be required to pay any taxes or assessments of any kind or nature* whatsoever, now in existence or to be enacted in the future, whether imposed by the Commonwealth or by any government agency *upon any property or the income therefrom acquired or used or permitted to be used by an authority for such purposes ....'*
>
> ....
>
> Thus, SEPTA, pursuant to its current enabling statute is exempt from taxa-

---

1. James Luciani, a real estate appraiser, testified that the rent the City of Philadelphia paid at the Property was not below the market rate. N.T. at 53–55; R.R. at 69a–71a.

tion. The mere fact that income is being derived from the Property, as the statute clearly states, has no effect upon SEPTA's tax exemption on the Property. (Emphasis in original). (Citations omitted).

Trial Court Opinion, September 25, 2000, at 7–8.

■ The City contends that the trial court's ruling, that the Property rented to commercial tenants is used for a public purpose and that SEPTA is therefore immune and exempt from taxation, is erroneous.[2]

■ First, we must determine whether SEPTA is immune from taxation. Political subdivisions such as the City have no inherent power of taxation. *Appeal of Harrisburg School District,* 53 Pa. Cmwlth. 299, 417 A.2d 848 (1980). The General Assembly must grant the political subdivision the power to tax by statute. *Id.* at 850–851. Generally, property owned by the Commonwealth and its agencies is beyond the taxing power of a political subdivision. *Delaware County Solid Waste Authority v. Berks County*

*Board of Assessment Appeals,* 534 Pa. 81, 626 A.2d 528 (1993).

■ "SEPTA is an instrumentality of the Commonwealth and participates in its rights as a sovereign." *SEPTA v. Board for the Assessment and Revision of Taxes of Delaware County,* 13 Pa.Cmwlth. 207, 319 A.2d 10 (1974). The City does not suggest that the General Assembly granted it the power to tax the Commonwealth and its agencies.

■ However, this Court's analysis whether SEPTA is entitled to immunity from taxation does not end here. An agency of the Commonwealth is entitled to complete immunity from taxation as long as it acts in accordance with the powers granted to it. Where an agency acts outside the scope of the powers granted the immunity is lost. *Dauphin County General Authority v. Dauphin County Board of Assessments,* 768 A.2d 895 (Pa.Cmwlth. 2000), *citing, Delaware County Solid Waste Authority v. Berks County Board of Assessment Appeals,* 534 Pa. 81, 626 A.2d 528 (1993).[3]

Here, SEPTA is organized pursuant to Section 1711 of the Law, 74 Pa.C.S. § 1711.[4] The General Assembly clearly

**2.** Our review when the trial court takes *de novo* evidence is whether constitutional rights were violated or whether the trial court manifestly abused its discretion or committed an error of law. *McLaughlin v. Centre County Housing Authority,* 151 Pa.Cmwlth. 292, 616 A.2d 1073, 1074, n. 3 (1992).

**3.** We note that the General Assembly explicitly established SEPTA as an agency and instrumentality of the Commonwealth in Section 1711 of the Public Transportation Law (Law), 74 Pa.C.S. § 1711. In *Delaware,* the government entity was the Delaware County Solid Waste Authority, which was a municipal authority created pursuant to the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, 53 P.S. §§ 301–401. However, our Pennsylvania Supreme Court recognized that municipal authorities are independent agen-

cies of the Commonwealth. *Delaware,* 534 Pa. at 86, 626 A.2d at 531.

**4.** Section 1711(a) of the Law, 74 Pa.C.S. § 1711(a), provides:

Creation and purpose.—There is hereby authorized the creation of a separate body corporate and politic in each metropolitan area, to be known as the transportation authority of that metropolitan area, extending to and including all of the territory in the metropolitan area. An authority shall in no way be deemed to be an instrumentality of any city or county or other municipality or engaged in the performance of a municipal function, but shall exercise the public powers of the Commonwealth as an agency and instrumentality thereof. An authority shall exist for the

indicated that SEPTA is an agency and instrumentality of the Commonwealth. Therefore, SEPTA is immune from taxation until it acts outside its authorized purpose. As set forth in Section 1711, the purpose of SEPTA is to plan, acquire, hold, construct, operate, improve, maintain and lease a transportation system. The question of whether SEPTA is immune from the City's real estate tax hinges on whether renting realty to commercial tenants is consistent with SEPTA's purpose of running a transportation system.

Section 1741(a)(12) of the Law, 74 Pa. C.S. § 1741(a)(12), provides that an authority shall have the power to lease as lessor real property. Section 1741(a)(24) of the Law, 74 Pa.C.S. § 1741(a)(24), provides that an authority shall have the power "[t]o explore alternative means of raising revenue or reducing expenses, including, but not limited to, real estate leases and rentals." Section 1741(a)(24) also provides that an authority must submit a report to the Commonwealth of Pennsylvania, Department of Transportation by April 15 of each year which details the actions of the authority in exploring alternate means of raising revenues and reducing expenses.

■ All agree that the purpose of SEPTA is to operate a transportation system in Southeastern Pennsylvania. While SEPTA is free to lease its real estate to tenants and is under the direction to raise revenue, clearly the leasing of real estate, solely to raise revenue, is not an activity connected to SEPTA's purpose. Therefore, SEPTA property leased to commercial tenants is not immune from taxation.[5]

■ Next, we must determine if the Property is exempt from tax. A tax exemption exists where the General Assembly affirmatively removes property that ordinarily would be subject to taxation. *Bucks County Community College v. Bucks County Board of Assessment Appeals*, 147 Pa.Cmwlth. 505, 608 A.2d 622 (1992). Article 8, Section 2(a)(iii) of the Pennsylvania Constitution provides: [t]he General Assembly may by law exempt from taxation: ... [t]hat portion of public property which is actually and regularly used for public purposes."

The General Assembly has provided a tax exemption for SEPTA in the Law. Section 1781 of the Law, 74 Pa.C.S. § 1781 exempts an authority created under the Law from taxation of any property or income if the property or income is used for

purpose of planning, acquiring, holding, constructing, improving, maintaining, operating, leasing, either as lessor or lessee, and otherwise functioning with respect to a transportation system in the metropolitan area and outside of such area, whether within or beyond the boundaries of this Commonwealth, to the extent necessary for the operation of an integrated transportation system and for the provision of all group and party services which can be provided by the existing transportation system or transportation systems subject to acquisition under this chapter. All services rendered by an authority outside the metropolitan area shall be pursuant to certificates of public convenience or other appropriate authorization issued to it by the

Pennsylvania Public Utility Commission or other appropriate regulatory agency of the Federal Government or any state. Except as provided in subsection (c), an authority shall transact no business or otherwise become operative until and unless a majority of its board shall have been qualified in accordance with this subchapter.

5. While this Court in *SEPTA v. Board for the Assessment and Revision of Taxes of Delaware County*, 13 Pa.Cmwlth. 207, 319 A.2d 10 (1974) determined that SEPTA was immune from taxation of real estate by Delaware County, that determination was made prior to our Supreme Court's decision in *Delaware* which recognized that the immunity is only given to property used for a public purpose.

the benefit of the people of the Commonwealth.[6]

■ In enacting Section 1781 of the Law, the General Assembly replaced the exemption contained in Section 1542 of the Law, 74 Pa.C.S. § 1542.[7] A comparison of the two exemptions indicates that while the two sections are quite similar the current exemption is more limited. The repealed section provided that an authority such as SEPTA was not "required to pay any property taxes or assessments of any kind or nature whatsoever." The current section also states that an authority shall not be "required to pay any taxes or assessments of any kind whatsoever ... upon any property or the income therefrom acquired or used or permitted to be used by the authority for such purposes." The reference to "purposes" refers to the purposes of an authority authorized under the Law. This Court has already determined that the purpose of SEPTA is to operate a transit system. Because serving as a commercial landlord is not an autho-rized purpose of SEPTA, the exemption contained in Section 1781 of the Law does not apply.

*Appeal of Municipal Authority of Borough of West View*, 381 Pa. 416, 113 A.2d 307 (1955) illustrates the taxability of a governmental entity acting beyond its purpose in leasing property. The Municipal Authority of the Borough of West View (Municipal Authority) had leased the second floor of a building it owned to the Borough of West View (Borough) which rented the property for private dances, to fraternal organizations, and groups such as the firemen and police. The Municipal Authority leased portions of the building to two commercial tenants and leased another portion to the Borough which sublet the portion to two commercial tenants. The entire property was assessed. The Municipal Authority appealed. The Court of Common Pleas of Allegheny County held that the parts of the land and building used by the Municipal Authority and the

6. Section 1781 of the Law, 74 Pa.C.S. § 1781, provides:

The effectuation of the authorized purposes of an authority created or continued under this chapter shall and will be in all respects for the benefits of the people of this Commonwealth, for the increase of their commerce and prosperity and for the improvements of their health and living conditions, and, since an authority will, as a public instrumentality of the Commonwealth, be performing essential governmental functions in effectuating such purposes, such an authority shall not be required to pay any taxes or assessments of any kind or nature whatsoever, now in existence or to be enacted in the future, whether imposed by the Commonwealth or by any government agency upon any property or the income therefrom acquired or used or permitted to be used by an authority for such purposes, and the bonds issued by any authority, their transfer and the income therefrom, including any profits made on the sale thereof, shall at all times not extend to gift, estate, succession or inheritance taxes or any other

taxes not levied directly on the bonds, the transfer thereof, the income therefrom or the realization of profits on the sale thereof.

7. Section 1542 of the Law, 74 Pa.C.S. § 1542, provided:

The effectuation of the authorized purposes of any authority created under this chapter shall and will be, in all respects, for the benefit of the people of this Commonwealth, for the increase of their commerce and prosperity and for the improvement of their health and living conditions, and since such authority will be performing essential governmental functions in effectuating such purposes, it shall not be required to pay any property taxes or assessments of any kind or nature whatsoever, now in existence or to be enacted in the future, whether imposed by the Commonwealth or by any other taxing authority, and the bonds issued by such authority, their transfer and the income therefrom, including any profits made on the sale thereof, shall at all times be free from taxation within this Commonwealth.

Borough were exempt but not the portions of the property rented to others. *West View*, 381 Pa. at 417–419, 113 A.2d at 308–309.

The Municipal Authority appealed to our Pennsylvania Supreme Court and asserted that the portions of the property leased out to commercial tenants were exempt from tax, as were the other portions. Our Pennsylvania Supreme Court affirmed the Court of Common Pleas of Allegheny County and held that the controlling test was whether the use of part of the property leased to other tenants was for a public or private purpose. *West View*, 381 Pa. at 420, 113 A.2d at 309.

Here, SEPTA is immune and exempt from taxation only to the extent the income or property subject to tax is used to effectuate its public purpose of operating a transportation system. While the lease of portions of the Property does provide SEPTA with income which it may use for operating its transit system, the commercial real estate business is not a governmental function. Therefore, this Court must reverse the trial court's determination that SEPTA is immune and exempt from tax.

Accordingly, we reverse.

### *ORDER*

AND NOW, this 31st day of May, 2001, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed.